Argued October 15; affrmed December 10, 1929; rehearing denied January 21, 1930.

## J. R. HICKERSON *v.* W. JOSSEY
(282 Pac. 768)

For appellant there was a brief over the name of *Messrs. Collier, Collier & Bernard* with an oral argument by *Mr. Wm. G. Smith.*

For respondent there was a brief over the name of *Messrs. Bowerman & Kavanaugh* with an oral argument by *Mr. Jay Bowerman.*

BEAN, J. The defendant's first assignment of error is in giving the following instruction:

"I instruct you that at the time of the accident the laws of the state of Oregon required the owner or operator of an automobile truck operated with a trailer at night time to maintain thereon at least two white lights on the front of the truck, and at least one red light so located on the rear of the trailer, that the same would be visible for a distance of at least 100 feet. I instruct you that the duty with respect to these lights on the truck and trailer is a continuing duty and that it was the duty of the defendant not only to place a proper red light on or near the rear corner of his trailer, but it was also his duty so to maintain said lights during the night time, and so that it would be visible for a distance of 100 feet. I further instruct you that if you find from the evidence that the defendant failed in the performance of his duty to place and maintain such red light on the rear of his trailer, and that such failure was the proximate cause of the plaintiff's injury, then your verdict should be for such sum as you determine that the plaintiff is entitled to receive."

The second assignment is that the court erred in failing to give defendant's requested instruction to the effect that if a motor vehicle operated upon the highway of this state becomes so disabled as to prohibit the moving of the same, then the fact that such disabled vehicle is left standing on the main traveled

portion of such highway is not a violation of the laws of this state and is not in itself any evidence of negligence, whatsoever.

The third assignment of error is in the court's refusing to give defendant's requested instruction No. 6, to the effect that if the jury found that a reasonably careful and prudent driver, under all of the conditions prevalent at the time the collision occurred, in the exercise of ordinary and reasonable care and caution, would have had his car under such control as to have been able to have stopped the same within the range of his vision, and if the jury further found that the driver of the car in which plaintiff was riding was not operating his car at such a rate of speed, under the circumstances then existing, so that he could stop said car within the range of his vision, and by reason thereof the collision occurred, that said driver was guilty of negligence, and if said driver was using said car for the special use and benefit of plaintiff and at his request and on a joint venture, then such negligence of said driver is imputed to plaintiff and he cannot recover and your verdict must be for the defendant.

These assignments of error, as we take from defendant's brief, so nearly involved the same principle that they may be considered together.

Chapter 323, Laws of 1925, page 653, provides, in part, as follows:

"Every motor vehicle, tractor, trailer or semi-trailer, when on the highways of this state at night, shall have on the rear thereof, and to the left of the axis thereof, or in the center of the rear of such vehicle, one lamp capable of displaying a red light visible for a distance of at least 100 feet behind such vehicle;" also page 654:

"Every motor truck, trailer, or semi-trailer, the body of which exceeds six feet in width, shall exhibit during the hours of darkness, in addition to the above required lights, a white light on the left side of the machine, defining the limit of the body of the machine, or the overhanging load, if any there be, and beyond the outside thereof the said lights shall be so fixed that the said light shall be seen both from the front and rear of said motor truck, trailer or semi-trailer."

This law aims to lay down certain things which every driver must do for the safety of persons upon the highway. It is contended by defendant that the duty of the defendant to have lights upon his truck and trailer was fulfilled when his driver left the car with the lights on; that it is not a continuing duty to maintain lights upon a motor vehicle.

The only way to obtain the results intended by the legislature is to give the law quoted from the Session Laws of 1925, which was in force at the time of this accident, the construction placed upon it by the instruction complained of in the assignment of error No. 1: *Murphy v. Hawthorne,* 117 Or. 319 (244 P. 79); *Commonwealth v. Henry,* 229 Mass. 19.

■ Where the statute makes it unlawful to drive a vehicle without lights at certain times, the duty to carry them is absolute, regardless of weather conditions: Blashfield on Automobiles, p. 385, citing *Gleason v. Lowe,* 232 Mich. 300.

The law of 1925, quoted above, commands that a motor trailer at night shall have on the rear thereof one lamp of specified power. This command is in force when the motor vehicle is on the highway, whether it is moving or stationary. It applies whenever such vehicle is on the highway and is a continuing duty to keep or maintain the required lights.

The instruction complained of was a correct exposition of the law. There is no doubt as to the legislative power to pass the law in question. The way to make it effective is to construe it as the court did in charging the jury.

There is a minority rule, that the duty to maintain such a light would not be continued, but would cease when the car came to rest. This is not the rule in this state. Neither is it the majority rule.

In *Murphy v. Hawthorne,* supra, at page 323 of the report, this court, speaking by Mr. Justice BELT, said:

"We think it was negligence per se for defendant to leave this auto truck on the highway after dark without displaying a red light as provided by § 4774, O. L. It was more necessary, so far as the safety of the public is concerned, to have such light on the truck when thus parked on the highway than it would be if it were moving, it would be contrary to the purpose and spirit of the statute so to construe it as being applicable only to motor vehicles in motion": *Jaquith v. Worden,* 73 Wn. 349 (132 P. 33; 48 L. R. A. N. S. 827); Berry on Automobiles (4 ed.), §§ 188, 872; Babbitt on Motor Vehicles (3d ed.), § 563.

In that case the court held that it was negligence as a matter of law for one to leave a truck parked on the highway without the required lights. See also *Jaquith v. Worden,* 73 Wn., supra, at page 360, where we find the following language:

"It cannot be said that the driver of such a machine must carry lights while it is moving, but that he may stop it during the hours of darkness in a roadway, turn off the lights and leave it standing, without violating the law. The statute must be read with reference to its plain spirit and intent."

■ The purpose for which lights are required by statute would not be effectuated if one could discharge

the duty by merely fixing the required lights and then be free from responsibility for their maintenance. The law absolutely requires the operator of a motor vehicle to provide the statutory lights, and failure to do so is negligence per se. The contention that the provision does not apply to vehicles at rest, or that it is not a continuing duty, cannot be sanctioned.

The requirement of the statute in this respect is not the use of reasonable care in regard to lights, but the law prescribes a definite rule. See *Hanser v. Youngs,* 212 Mich. 508 (180 N. W. 409) ; *Mills v. Philadelphia,* 187 Pa. 287; *Wurl v. Watson,* 67 Cal. App. 625 (228 P. 43).

■ The defendant alleges error in the trial court's failure to give defendant's requested instruction No. 1. This instruction requested the court to charge the jury, in substance, that a disabled vehicle may be left on the highway without violating any statute, and that such conduct is not evidence of negligence. This might imply that such truck might be so left without lights or warning or other protection. The instruction was properly refused. See *Doering v. Walter,* 80 Ind. App. 194; *Benson v. Anderson,* 129 Wn. 19.

■ The defendant states that one of its requested instructions was practically a direction for a verdict in favor of defendant.

There was testimony in the case to be submitted to the jury. The jury evidently could not find an excuse for the defendant in leaving the truck upon an elevated highway, which was something like a bridge, without any protection, or guard, parked five or six feet from the right edge of the road. They evidently believed from the testimony that there was no good reason why the driver did not park the truck on the extreme right of the highway.

The jury evidently found that defendant was negligent after the emergency, or necessity of his driver going for help had passed, and he had proceeded to the interstate bridge and telephoned his employer and returned to the car; that thereafter the defendant had an opportunity of sending a helping car to his driver. This would have shortened the time of the disabled car remaining on the highway, as the driver would have to traverse the distance from the car to Portland and return. and the defendant could have employed a truck to go to the relief of the disabled car, going the distance once, thus giving the driver an opportunity to remain with the disabled car and keep the lights "trimmed and burning."

The defendant was not entitled to an instruction amounting to a direction of a verdict in favor of defendant.

The trial court charged the jury as follows:

"I instruct you that it is the duty of every automobile driver while driving upon the public highways of this state to operate his car in a reasonably prudent and careful manner, taking into consideration the clemency or inclemency of the weather and all other circumstances and conditions then prevailing; and if you find from the circumstances in this case, prevailing at the time this accident occurred, that a reasonably prudent and careful driver, in the exercise of reasonable care and caution, would have had his car under such control as to have been able to have avoided a collision with the trailer attached to the defendant's truck, then I instruct you that the driver of the car in which plaintiff was riding was guilty of negligence; and if you find that plaintiff was engaged in a joint venture with said driver at the time this accident occurred, then such negligence is imputed to plaintiff and he cannot recover in this case."

This instruction thoroughly covered the question in regard to the management of the car in which plaintiff was riding.

■■ The defendant requested the judge to charge the jury that it was the duty of the driver of the Chevrolet to have his car under such control that he could have stopped the same within the range of his vision. If the driver of the Chevrolet car could have passed the truck and trailer without a collision, as the jury evidently believed he could have done if they had had the proper lights, then there would have been no necessity for the Chevrolet car to stop. The instruction requested leaves out of consideration this phase of the matter. There appears to have been plenty of room on the highway to have passed the truck and trailer if they had been seen. See *Kendrick v. Kansas City,* 236 S. W. 1011. The driver of the Chevrolet had a right to expect that those approaching him or using the highway would use ordinary care and obey the laws of the state. It was not required of such driver that he should be expecting that others would violate the law: *Murphy v. Hawthorne,* supra.

■ Defendant by his fourth assignment of error complains of the cross-examination of Mr. Robins, a witness for defendant, as to preparation for lighting the truck, whether he had any kerosene lamps or lanterns to hang out.

The witness, in direct examination, had gone into the conditions as to lights and other circumstances surrounding the truck when he abandoned it on the highway. Plaintiff alleged, in effect, that the obstruction was abandoned without being lighted or guarded. We do not think the question and the answer in the negative was unfair or prejudicial to the defendant.

We think that the charge given by the learned trial judge was as favorable to the defendant as he could expect under the law.

We have carefully examined the charge to the jury and have considered the various assignments of error and believe that the case was fairly and legally tried.

Finding no error in the record the judgment of the circuit court is affirmed.                    AFFIRMED.

BROWN and BELT, JJ., absent.

Rehearing denied January 21, 1930

ON PETITION FOR REHEARING

(283 Pac. 1119)

For the petition Messrs. Collier, Collier & Bernard. Contra, Messrs. Bowerman & Kavanaugh.

BEAN, J. Counsel for defendant complains of the construction of a requested instruction wherein our former opinion we used the following language:

"The defendant requested the judge to charge the jury that it was the duty of the driver of the Chevrolet to have his car under such control that he could have stopped the same within the range of his vision."

We gave a general description of the instruction for brevity's sake. We thought that duty was implied by the requested instruction, which reads, in the part applicable to the question, as follows:

"If you find that a reasonably careful and prudent driver, under all of the conditions prevalent at the time this collision occurred, in the exercise of ordinary and reasonable care and caution, would have had his car under such control as to have been able to have stopped the same within the range of his vision, and if you further find that the driver of the car in which plaintiff was riding was not operating his car at such a rate of speed under the circumstances then existing so that he could stop said car within the range of his

vision, and by reason thereof, the collision occurred, then I instruct you that said driver is guilty of negligence, * * *''

We do not deem the language in reference to the request material to the question in the case.

The instruction given by the court and quoted in our former opinion plainly informed the jury as to the law pertaining to the duty of the driver of the automobile in which the plaintiff was riding at the time of the accident and is so plain that further discussion is unnecessary. ·See *Murphy v. Hawthorne* 118 Or. 319 (244 P. 79).

The petition for rehearing is denied.

REHEARING DENIED.