Argued April 3, affirmed April 17, 1968

# HARRISON, *Respondent, v.* AVEDOVECH, *Appellant.*

439 P. 2d 877

*William M. Holmes,* Bend, argued the cause for appellant. With him on the brief were DeArmond, Gray, Fancher & Holmes, Bend.

*Owen M. Panner,* Bend, argued the cause for respondent. With him on the brief were McKay, Panner, Johnson & Marceau, Bend.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff was injured in an accident involving two vehicles and a deer on Highway 97 south of Bend in Deschutes County, for which she brought this action for damages against the Administrator of the Estate of the other driver, Robert Gary Hosey, who was killed in the accident. Each was alone in his respective vehicle; the evidence shows the accident occurred on a straight stretch of highway in a small cut in early

evening darkness on December 3, 1965. The highway was dry, weather clear. Hosey was northbound when his vehicle struck a large deer two feet inside the fog line on his right side of the road. Deer hair and blood were found on his car "on the inside cowl of the right-hand front fender." The Hosey vehicle left skid marks starting 64 feet *after* the deer impact, at the approximate center of the road. The marks proceeded onward and across the center for a distance of 107 feet, where, in the center of the southbound lane, debris from the impact with plaintiff's southbound vehicle was found. The vehicles each came to rest close to this point. The deer's carcass was found 132 feet northward from this point at the edge of the shoulder of the northbound lane. Evidence showed that as Hosey traveled north he passed three large highway signs upon which was the word "DEER" at points 15.1, 9.5 and 3.3 miles preceding the accident. He was shown to have lived in and traveled the particular area for at least 10 years. Plaintiff testified that she was traveling at about 55 to 65 miles per hour; that she remembers the Hosey vehicle's right headlight going out and that she dimmed her headlights, but remembers nothing else. Hosey's right headlight was the only part of the front of his vehicle not damaged. From this evidence the inference can be drawn that the deer came onto the road from Hosey's right, passed in front of his right headlight, and was struck close to the center of his vehicle while its right front wheel was about on or to the right of the fog line.

The court instructed on all specifications of negligence plaintiff had alleged against Hosey, including speed, failure to maintain lookout and control, and violation of ORS 483.302(1) and 483.306, concerning a driver's duty to drive on the right side of the road

and pass opposite traveling vehicles on the right half of the roadway.

■ The jury returned a verdict for plaintiff. Defendant's appeal alleges error in not granting defendant's motion for directed verdict, asserting insufficient evidence to submit to the jury any of the negligence specifications. Defendant also claims error in permitting introduction of evidence of the "DEER" signs. It was relevant and competent, as also was the evidence of Hosey's familiarity with the area.

■ The physical evidence, combined with plaintiff's testimony, indicates that the jury could infer Hosey's speed, under the circumstances, was greater than was reasonable and prudent. The same is true as to failure by Hosey to maintain a reasonable lookout for deer and other vehicles, and reasonable control of his vehicle.

■ We do not agree with defendant's contention that this action should fail because the court did not instruct the jury about the requirements of ORS 30.080. That statute allows recovery against the estate of one such as Hosey but "* * * the injured person shall not recover judgment except on some competent satisfactory evidence other than the testimony of the injured person." ORS 30.080. *Bush v. Johnson,* 237 Or 173, 390 P2d 932 (1964), applying this statute where recovery was denied, is urged in support of defendant's contention. It is distinguishable, for as we pointed out there:

> "Nothing can be inferred from the position of the vehicles after the collision, nor the damage sustained by them." 237 Or at 177.

The evidence of physical facts in the instant case are other than plaintiff's testimony. Reasonable in-

ferences favorable to plaintiff obviously can be drawn from them. Under the instructions given, the jury must have drawn such inferences or it could not have found for plaintiff. Hence, it would have been pointless to instruct the jury concerning the requirements of ORS 30.080.

■ The most seriously urged of defendant's assignments of error concern asserted statutory negligence under ORS 483.302(1) and 483.306.

The court had instructed the jury that violation of a rule of the road statute is negligence in and of itself, and, if a proximate cause of the accident, is evidence upon which liability may be found.

The context of the court's instructions on the above cited statutes was:

"A statute of the State of Oregon provides:

" 'Upon all highways of sufficient width, other than one-way highways, the driver of a vehicle shall drive on the right half of the highway except when the right half is out of repair, and for that reason is impassable; or when overtaking and passing another vehicle proceeding in the same direction.'

"It also provides:

" 'Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible.'

"A person who is suddenly placed in a position of peril through no negligence of his own and compelled to act without an opportunity for reflection is not guilty of negligence if he makes such a choice as a reasonably prudent and careful person placed in such a position might make, even though the person does not make the wisest choice.

"In order to find that a person is excused from liability because he was confronted by an emergency, you must find that the emergency confronting him was not the result of any fault on his part or any failure on his part to exercise reasonable care towards the one claiming it against him."

The rules we have adopted in recent years, after extended consideration of the questions here presented, are clear in their application to the instant facts, and there is no need for further discussion. In *McConnell v. Herron,* 240 Or 486, 402 P2d 726 (1965), we reviewed the precedents and adopted a "preferred" rule, applying it to vehicle equipment required by statute. We noted that we had already applied it:

"* * * in cases involving statutory standards for the operation of vehicles. See, e.g., Raz v. Mills, 231 Or 220, 372 P2d 955 (1962) * * *." 240 Or at 490.

In *Raz v. Mills,* supra, in a situation where it could be inferred from the evidence that an emergency caused a vehicle to cross the center of the road resulting in a collision, we said:

"* * * Inasmuch as the collision occurred in the plaintiff's lane of travel, we hold that the matter of negligence was a jury question." *Raz v. Mills,* 231 Or at 226.

"A defendant relying upon an emergency to explain his conduct must show that he was faced with a sudden danger, in light of which his conduct measures up to the standard required of a reasonable man faced with a similar emergency. See Restatement, 2 Torts 796 § 296 (1934). However, * * * a person whose own negligence contributes to the emergency cannot take refuge in the emergency to escape liability for his own fault * * *." *Raz v. Mills,* 231 Or at 228.

"* * * Negligence in failing to remain on the

right side of the road was properly presented to the jury upon instructions concerning the effect of any emergency * * *." *Raz v. Mills,* 231 Or at 230.

The trial court properly denied defendant's motion for directed verdict, and the instructions to the jury were in all respects correct.

Judgment affirmed.

DENECKE, J., specially concurring.

A majority of this court in *Pozsgai v. Porter,* 249 Or 84, 435 P2d 818 (1967), announced a rule of negligence per se for vehicle operation statutes. I dissented from that decision; however, this is now the accepted rule and I will no longer note my dissent.

This court, however, has not, prior to the opinion in the instant case, specifically approved negligence per se instructions such as here given. In my opinion such instructions are confusing and illustrate the fallacy of the majority view of negligence per se. In essence these instructions are as follows: Negligence is doing or failing to do something which a reasonably prudent person would do or not do, except that violation of a statute is negligence regardless of whether one acted as a reasonably prudent person, except that violation of a statute is excused if one has acted as a reasonably prudent person.

O'CONNELL, J., joins in this specially concurring opinion.