Argued October 13, affirmed November 10, 1971

OWRE, *Appellant, v.* CROWN ZELLERBACH
CORPORATION ET AL, *Respondents.*

490 P2d 504

*Sidney A. Brockley,* Oregon City, argued the cause for appellant. With him on the briefs were Jack, Goodwin & Anicker, Oregon City.

*Stephen R. Frank,* Portland, argued the cause for respondents. With him on the brief were Edwin J. Peterson, and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

HOLMAN, J.

Plaintiff instituted this action for the benefit of himself and his minor son to recover damages for the alleged wrongful death of his wife. He appeals from a judgment, entered pursuant to a jury verdict, in favor of defendants Rice and Crown Zellerbach Corporation (Crown). The other defendants are not involved in this appeal.

Plaintiff's decedent was the operator of an automobile which collided with a truck driven by defendant Rice, an employee of defendant Crown. The point of impact was in the intersection of a public highway and Crown's private logging road. The decedent was traveling westerly on the highway and Rice was proceeding in a northerly direction on the

logging road. A traffic light was suspended in the center of the intersection. It normally showed green for traffic on the highway but was automatically switched to amber and then to red by the passage of trucks on the logging road.

Plaintiff assigns as error the court's failure to permit a consulting engineer to testify as an expert witness to the tendency of surrounding objects, the terrain, and the sun to make it difficult to see the traffic light when it was approached, as plaintiff's decedent approached it, from the east. The purpose of the evidence was to substantiate a contention by plaintiff that, in the exercise of reasonable care, his wife should not have been expected to observe and to obey the signal light. Therefore, plaintiff concludes, it was a question for the jury whether his wife was guilty of negligence as a matter of law if she drove through the red light in violation of ORS 483.128 and 483.130.

■ Plaintiff's argument is based upon language found in *Pozsgai v. Porter,* 249 Or 84, 435 P2d 818 (1968). *Pozsgai* discussed when the violation of a statute relating to the operation of a motor vehicle may be excused:

"* * * These cases hold that an individual violating such a statute can excuse his conduct by showing that he could not or should not have complied by the exercise of reasonable care. Driving on the wrong side of the road, *Raz v. Mills,* 231 Or 220, 372 P2d 955 (1962); *Gum, Adm. v. Wooge et al,* 211 Or 149, 315 P2d 119 (1957); *LaVigne v. Portland Traction Co.,* 179 Or 221, 170 P2d 709 (1946); illegal turning at intersection, *Marshall v. Olson,* 102 Or 502, 202 P 736 (1922) * * *." 249 Or at 87.

■ Had the evidence been admitted, it would not have been sufficient to accomplish plaintiff's purpose. The decedent knew the light was there. She had already driven by it that day while going in the opposite direction. She made the same trip on a fairly regular basis. She cannot be excused on the ground of distracting influences which made the light difficult to see when she was already aware of its existence.

In addition, the testimony of the expert, as shown by plaintiff's offer of proof, did not disclose surrounding circumstances which excuse failure to obey a stop light. All the things identified by the expert as being distracting influences were the usual hazards to good vision which all motorists encounter on an almost daily basis and with which everyone is expected to contend successfully. So far, all cases in which juries have been allowed to decide whether the violation of an operational statute might be excused have been ones in which sudden and unanticipated emergencies were involved.

Plaintiff also contends an instruction should have been given relating to when compliance with an operational statute may be excused. This assignment of error has been disposed of by the above discussion.

Plaintiff next submits that the trial court erred in failing to admit into evidence the record of a previously litigated case arising out of the same accident. Prior to the trial of the present case, the representative of the estate of a passenger in decedent's car secured a judgment against the defendants for the wrongful death of the passenger. Plaintiff, relying on the case of *Bahler v. Fletcher*, 257 Or 1, 474 P2d 329 (1970), argues that defendants were thereby collaterally estopped to relitigate the question of their negligence.

■ The present case was submitted to the jury on special interrogatories, one of which was whether plaintiff's wife was negligent. The jury answered in the affirmative. Another question was whether plaintiff's wife's negligence was a cause of the accident. This was also answered in the affirmative. In view of the jury's findings that plaintiff's decedent was guilty of negligence which was a cause of the accident, the failure to admit the record of the prior case could not have been prejudicial. The issue of defendant's negligence is moot.

The judgment of the trial court is affirmed.