Argued November 3, 1971, reversed January 12, petition for
rehearing denied February 8, 1972

MENNIS, *Respondent, v.* HIGHLAND
TRUCKING, INC. ET AL, *Appellants.*

492 P2d 464

*Asa L. Lewelling,* Salem, argued the cause and filed the brief for appellants.

*Malcolm F. Marsh,* Salem, argued the cause for respondent. With him on the brief were Eric B. Lindauer, and Clark & Marsh, Salem.

HOWELL, J.

This is an action for damages for injuries suffered in a collision between plaintiff's pickup truck and a log truck owned by defendant Highland Trucking, Inc., and driven by defendant Emerson. A jury returned a verdict for defendants and the trial court granted plaintiff's motion for a new trial. Defendants appeal.

The accident occurred on June 10, 1969, on a narrow, single-lane mountain road near the Detroit reservoir, with two tracks in the gravel marking the route of traffic. The plaintiff was driving his empty pickup in a southerly direction and defendant Emerson was driving a loaded log truck north. The accident occurred on a sharp blind curve, with a steep bank on plaintiff's side and a cliff on defendant's side.

Brush was growing on both sides of the road. Plaintiff testified that he was traveling approximately 25 miles per hour and slowed down for the curve. When he saw defendant's truck about 60 to 75 feet in front of him, he drove as close as possible to the ditch at the foot of the bank on his right. Defendant Emerson testified that he approached the curve at approximately 20 miles per hour and first saw plaintiff approximately 50 feet away. Both vehicles were almost stopped at the time of the collision.

The plaintiff's motion for a new trial alleged various grounds, including failure of the court to direct a verdict in his favor; failure to remove all allegations of contributory negligence; and failure to instruct the jury that defendants were guilty of negligence as a matter of law for failing to drive on the right half of the highway and for failing to drive as close as practicable to the right-hand edge of the highway.[1]

The trial court allowed the motion for a new

---

[1] ORS 483.302 states:

"Duty to drive on right half of highway. (1) Except as otherwise provided by ORS 483.304, upon all highways of sufficient width, the driver of a vehicle shall drive on the right half of the highway except when:

(a) The right half is out of repair and for that reason is impassable; or

(b) Overtaking and passing another vehicle in accordance with ORS 483.308.

"(2) In driving upon the right half of a highway the driver shall drive as close as practicable to the righthand edge or curb of the highway except when:

(a) Overtaking or passing another vehicle; or

(b) Placing a vehicle in position to make a left turn."

ORS 483.306 states:

"Passing vehicles proceeding in opposite direction. Drivers

trial on the grounds that it had "erred in refusing to direct the jury that the defendants were negligent as a matter of law in failing to drive as close as practicable to the right-hand side of the roadway and in failing to give plaintiff's vehicle at least one-half of the main traveled portion of the roadway."

We believe that the issue was properly submitted to the jury and that the court erred in granting a new trial on these grounds.

"As a rule this court has refused to decide questions of negligence, especially in automobile accident cases, as a matter of law. Where there is evidence upon which the jury can base a determination, questions of negligence and contributory negligence are for the jury and not for the court." *Hess v. Larson,* 259 Or 282, 286, 486 P2d 533 (1971).

██ The statutes ORS 483.302 and 483.306, relating to the duty to drive on the right half of the highway, are not absolute. ORS 483.302 refers to "highways of sufficient width" and "as close as practicable" to the right-hand edge. ORS 483.306 requires drivers passing in opposite directions to give the other at least one-half of the main traveled portion of the roadway "as nearly as possible." Moreover, we have held that failure to drive on the right half of the road is not negligence per se if the driver was acting as a reasonably prudent person under the circumstances. *Tokstad v. Lund,* 255 Or 305, 466 P2d 938 (1970). In *Tokstad* the defendant drove around a stalled truck on the highway, slid across the center line on the snow-packed road,

of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible."

and collided with plaintiff's vehicle. This court held that defendant was not negligent as a matter of law if he went on the wrong side of the road through no fault of his own, if his actions were those of a reasonably prudent person. A jury could have reached the same conclusion in the instant case.

The road was described as being narrow—from 16 to 20 feet wide. Plaintiff's truck was six feet eight inches wide, and defendant's log truck was seven or eight feet wide. Vision on the single lane road at the blind curve was further obscured in both directions by the brush along the side. Unquestionably, plaintiff pulled to his extreme right as soon as he saw defendant's truck. However, he testified he was traveling at approximately 25 miles per hour before entering the curve, when he knew he could expect log trucks on the road. One of plaintiff's witnesses, who was a passenger in plaintiff's vehicle, testified "two vehicles on that corner can't meet at 20 or 25 miles an hour and make the corner." He also stated that the shoulder on defendant's side was from a foot to a foot and a half wide and then dropped off into a canyon. Another witness who lived in the area and was familiar with the road and curve in question, when asked concerning the width of the road, stated:

"A   I wouldn't care to meet two pickups on the same curve and try to pass.

"Q   Why is that?
"A   Because the road just doesn't warrant it on that curve. It just isn't wide enough to be considered a safe place for any two vehicles to meet at all."

Another witness stated the road was wide enough for a log truck and a pickup to pass on the curve "if everybody would stop and take their time."

The defendant Emerson testified that he was driving in the gravel tracks in the road. He stated:

"Right there where the accident happened if I had been over much, I'd be right on the edge of the cliff side which could have gave way and the whole truck and me and all would have gone over."

■ The evidence presented a question for the jury to decide whether the highway was of sufficient width, whether Emerson drove his truck "as close as practicable" to the right-hand side of the road, and whether he gave plaintiff one-half of the main traveled portion of the road "as nearly as possible," as mentioned in the two statutes.

The plaintiff's motion for a new trial charged that the court erred in refusing his motion to remove defendants' allegations of contributory negligence from the jury. The charges were lookout, speed and control. In *Hess v. Larson, supra,* we stated that lookout, speed and control are interrelated, and in most cases it is proper, if not necessary, that the jury consider them together.

■ The allegations of contributory negligence were properly submitted to the jury. Plaintiff knew the road was narrow and that he could expect to meet logging trucks; that he could expect to find the truck in the two gravel tracks in the road; and that he knew it was necessary to either slow down or to stop in order to pass. One of plaintiff's witnesses testified that while two vehicles could pass, "you can't do her at any speed." Plaintiff admitted traveling at approximately 25 miles per hour before entering the curve. The jury could find that a lesser speed would have allowed more time for the drivers to have seen one another and to have acted accordingly.

The trial court properly refused to strike defendants' allegations of contributory negligence.

We have considered the other grounds urged by plaintiff in his motion for a new trial and conclude they are without merit.

Reversed with directions to reinstate the judgment for defendants.

TONGUE, J., dissenting opinion.

I most respectfully dissent from the opinion by the majority. According to that opinion, the accident not only occurred on a sharp blind curve, but there was a steep bank on plaintiff's side, a cliff on defendant's side of the curve and the roadway was so narrow that two vehicles could not pass unless "everybody would stop and take their time." While it is true that plaintiff offered testimony to that effect, photographs of the scene of the accident make it appear that there was no sharp drop-off or cliff on defendant's side of the curve and that the roadway at that point was of ample width for two vehicles to pass, without first stopping.

In addition plaintiff's testimony, based upon actual measurements, was that the roadway was 20 feet wide and even defendant's witnesses testified, based upon estimates, that it was between 16 and 18 feet wide. Plaintiff's pickup truck was 6 feet 9 inches wide and defendant's logging truck was 8 feet wide. There was also testimony that after the accident defendant's truck proceeded to pass the plaintiff's pickup truck and that other vehicles, including a tow truck, also were able to do so.

Defendant's truck driver also admitted that as he came around the curve the left side of his truck was

between 4 and 6 feet from the *left* side of the road; that he made no attempt to swerve to the right, but applied his brakes and proceeded straight ahead until his truck collided with plaintiff's pickup, with the left front wheel of his truck striking the pickup inside its left front wheel. He also made no claim that the roadway was not wide enough to pass, but only that "if I had been over much I'd be right on the edge of the cliff side which *could* have gave way and the whole truck and me and all would have gone over." Thus, it appears that his concern was not whether the road was wide enough to pass, but whether the edge of the road was strong enough to hold a loaded logging truck.

Assuming, however, that defendant was not negligent as a matter of law and that it may still have been a proper question for submission to the jury whether or not defendant was negligent in coming around a blind curve at a speed such that he was unable to slow down sufficiently to pass plaintiff's pickup truck, it would nevertheless appear from the record that there was no evidence from which the jury could properly find that the plaintiff was guilty of contributory negligence in any respect.

Defendant's driver admitted that plaintiff had pulled his pickup truck as far to his right as possible without running into the ditch and that he had "practically stopped" at the time of the collision. Defendant's other witnesses testified that the rear wheel of plaintiff's pickup truck had been in the ditch for several feet prior to the point of the accident and had left marks along the bank on its right side of the road. There was no evidence that any part of plaintiff's pickup truck extended over the center of the roadway. Thus, it is clear that plaintiff left at least half, if not

more than half of the 16 to 20 foot roadway for defendant's 8 foot wide logging truck to pass. As previously stated, defendant's truck driver also admitted that at the time of the collision with plaintiff's pickup truck his logging truck extended in part over the center of the roadway.

One of the grounds of plaintiff's motion for a new trial was that the trial court erred in refusing to withdraw from the jury the issue whether plaintiff was guilty of contributory negligence based on the alleged "trinity" of lookout, control and speed. If that ground for the motion was well taken the order granting a new trial must be affirmed, regardless of whether or not defendant's driver was negligent as a matter of law. *Ditty v. Farley,* 219 Or 208, 211, 347 P2d 47 (1959).

To hold otherwise would, in effect, hold that despite plaintiff's lack of contributory negligence, defendant's driver was either not negligent, as a matter of law, or that this was an unavoidable accident, as a matter of law. Such a holding would place all ordinary passenger cars and pickup trucks at the peril of loaded logging trucks on all narrow public mountain roads to the same extent as though such roads were private logging roads. In other words, even though on such a road the car or pickup would run one wheel into the ditch and leave more than half of the roadway clear, as in this case, its driver could not recover against the owner of a loaded log truck going at a speed too fast to either stop or slow down to such a speed as to enable it to pass safely, rather than to proceed straight ahead on a collision course, as in this case.

For these reasons, I am of the opinion that it was error for the trial judge to refuse to withdraw from the

jury the issue of contributory negligence and that upon recognizing that error, if for no other reason, he properly granted plaintiff's motion for a new trial. Accordingly, I would affirm that order by the trial judge, rather than reverse it.

McAllister, J., joins in this dissent.