Argued June 6, affirmed December 14, 1972

BARNUM, *Appellant, v.* WILLIAMS, *Respondent.*

504 P2d 122

*Vincent G. Ierulli,* Portland, argued the cause and filed a brief for appellant.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Gordon Moore, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

## DENECKE, J.

The plaintiff brought this action for damages for personal injuries allegedly incurred when the motorcycle he was driving collided with the car the defendant was driving. The jury found for the defendant and the plaintiff appeals, contending the trial court gave two erroneous instructions.

The collision occurred on a rainy day on Vista Avenue, in Portland. The plaintiff was going uphill and rounding an extremely sharp curve to his left. The defendant was coming downhill. Vista Avenue is divided into two lanes by a yellow line. The line is much closer to the curb on the defendant's side. The jury could have found that the impact occurred on or near the line or on the plaintiff's side of the line. The jury could also have found that when the defendant observed the plaintiff, the plaintiff was riding on the center line and leaning into the turn; the defendant in the narrow lane was near the center line and became apprehensive that they might collide; the defendant

applied his brakes and slid into plaintiff's lane and collided with the plaintiff.

The trial court instructed the jury:

"In addition to common law negligence, there is also statutory negligence, which consists of the violation of a law which, for the safety or protection of others, requires certain acts or conduct or forbids certain acts or conduct. Were I to call your attention to any such law, a violation of such law is negligence in and of itself; with this exception: If you find that, under all the attending circumstances, a statute cannot or should not be complied with by a person exercising reasonable care for the safety of himself and others, then I instruct you that you may find that the failure to strictly observe the statute should be excused and should not be deemed negligence."

The problem posed by the instruction originates in the difficulties this court and others have had with the application of the statutory negligence per se doctrine.

■■ We have repeatedly held that violation of a law or ordinance is negligence or contributory negligence in itself, i.e., per se. This has been an exception to the usual rule that whether one is negligent depends upon whether one acted as a reasonably prudent person. Under the negligence per se doctrine the question of whether the actor acted as a reasonably prudent person is irrelevant; the only question is, did the actor violate the statute?

Despite our stated adherence to the doctrine that violation of a statute is negligence per se, we could not submerge our deeply-rooted tradition that fault is the basis of liability in tort. In a defective brake case, we stated: "We are now of the opinion that the

motor vehicle code was not intended to eliminate the element of fault from the law of torts." *McConnell v. Herron,* 240 Or 486, 491, 402 P2d 726 (1965).

■ Early in the development of the tort law of motor vehicles we stated the doctrine that violation of a motor vehicle operation statute is negligence per se. At the same time, however, we engrafted the principle of fault into this doctrine. *Marshall v. Olson,* 102 Or 502, 511-513, 202 P 736 (1922). In the *Marshall* case the jury could have found that the defendant turned in violation of a city ordinance. The court observed: "* * * [I]t would be unreasonable to maintain that a man would be culpably negligent under such circumstances, if he turned either to the right or to the left to avoid imminent danger of collision, when the peril could be escaped only by such action, and that, too, without injury to any one else: * * *." 102 Or at 512-513.

This line of reasoning was carried into cases in which one of the drivers went onto the "wrong" side of the road. One such case is *Gum, Adm. v. Wooge,* 211 Or 149, 158, 315 P2d 119 (1957), in which we said: "Furthermore, the statute is not considered violated in instances when the driver, acting as a reasonably prudent person, turns to the left to avoid a collision with an approaching vehicle traveling in its wrong lane. * * *."

Most, but not all, of our decisions on this issue have dealt with a situation in which the driver suddenly was faced with a vehicle, a pedestrian, or some other obstacle on his side of the road and reacted by turning into the "wrong side" of the road in violation of the statute. In such cases we have approved instructions to the effect that violation of the statute

requiring one to drive on his own side of the road is negligence per se; however, the driver is not negligent if he is faced with an emergency not of his own making and in turning onto the left side of the road acts as a reasonably prudent person would have acted when faced with a similar emergency. *Harrison v. Avedovech,* 249 Or 584, 588-590, 439 P2d 877 (1968).

■ The sudden emergency caused by someone or something in the driver's lane is the factor which most commonly makes a swerve to the "wrong side" of the road the act of a reasonably prudent person. The rule, however, has not been and logically cannot be confined solely to such circumstances.[1]

■■ The presence of an emergency does not change the standard of care; the standard remains reasonable care under the circumstances. If a party acts unreasonably in the face of an emergency, he is negligent; if he acts reasonably, he is not negligent. The emergency is simply one of the circumstances to consider in judging whether the actor behaved reasonably under the circumstances.

"The rule of reasonable care under all of the circumstances applies even in emergencies, the emergency being one of the circumstances to be considered." *Frangos v. Edmunds,* 179 Or 577, 607, 173 P2d 596 (1946).

In some of our cases in which a party acted contrary to a traffic statute the driver did not turn onto the "wrong side" in response to an emergency but went onto the "wrong side" for other reasons.

---

[1] The present case may be classified as an emergency case because the defendant was suddenly confronted with the plaintiff riding on the center line leaning toward the defendant and the defendant reacted without time for considered judgment. We prefer, however, to treat it more broadly.

In *Tokstad v. Lund,* 255 Or 305, 466 P2d 938 (1970), the defendant was not faced with an emergency. He slid on packed snow across to the plaintiff's side of the highway. We held: "There was evidence that although the defendant Lund was upon the wrong side of the road when he struck plaintiff's vehicle, the defendant, nevertheless, was acting as a reasonably prudent person." 255 Or at 307.

The stated rationale for our decision, unanimous on this issue, was:

"A statute requires a driver to stay upon his own side of the highway and the law in this state is that a violation of a statute is negligence per se. Nevertheless, we have held that a failure to stay upon the right side of the road is not negligence per se if the offending driver went on the wrong side through no fault of his own. * * *." 255 Or at 306-307.

In *Mennis v. Highland Trucking, Inc.,* 261 Or 233, 492 P2d 464 (1972), the defendant was not faced with an emergency. The defendant was driving a log truck and was on plaintiff's side of the road when he collided with plaintiff. The defendant was on the "wrong side" because the road was narrow and abruptly dropped off on the defendant's side. We held the defendant was not as a matter of law negligent and this issue was properly submitted to the jury. In so holding, we stated: "Moreover, we have held that failure to drive on the right half of the road is not negligence per se if the driver was acting as a reasonably prudent person under the circumstances."

Because excusing statutory violations solely in instances of emergency is illogical, we would be constantly urged and tempted to circumvent the rule. We continue to consider fault as the basis for imposing

liability in automobile litigation. Courts are extremely loath to find a party who has acted reasonably to be negligent or contributorily negligent merely because the party acted contrary to a statute. Because of this ingrained reaction the courts are constantly being asked to create exceptions to the statutory negligence per se rule and the courts are doing so to avoid the seeming harshness of the negligence per se doctrine.

Our experience with this problem extends to cases involving statutory violations other than driving on the wrong side of the road.

In *McConnell v. Herron*, 240 Or 486, 402 P2d 726 (1965), we overruled *Nettleton v. James*, 212 Or 375, 319 P2d 879 (1958), and held that even though a truck operator was driving with brakes that did not comply with the statute, he was not necessarily negligent. In *Dimick v. Linnell*, 240 Or 509, 402 P2d 734 (1965), we were called upon to consider the so-called "justifiable violation" exception to relieve a pedestrian from contributory negligence who was walking on the "wrong side" of the road. We did not reject the exception, but found it inapplicable under the facts.

There is no rational basis by which we can hold that in certain instances violation of a statute is not negligence per se if the jury could find the party was acting reasonably, but in other instances violation of a statute is negligence per se regardless of whether the party was acting reasonably.

■ We consider the present state of the law to be that if a party is in violation of a motor vehicle statute, such a party is negligent as a matter of law unless such party introduces evidence from which the trier of fact could find that the party was acting as a reasonably prudent person under the circumstances.

We so hold regardless of whether the circumstances do or do not include facts which the law regards as an emergency.

■ Another way of stating this is that the violation of a motor vehicle statute creates a presumption of negligence. When the evidence establishes that a party has violated a motor vehicle statute, such a party has the burden of producing evidence that, nevertheless, he was acting reasonably. Without such evidence the party is negligent as a matter of law. *Raz v. Mills,* 231 Or 220, 226-227, 372 P2d 955 (1962).

■ If the party having such burden produces no evidence of reasonable conduct or the court finds the evidence produced is insufficient to prove reasonable conduct, the court must find the party negligent as a matter of law. If the party produces evidence which the court determines raises a question of fact whether the party acted reasonably, despite violation of the statute, then, the question of the party's negligence is for the jury.

On occasion it will be difficult to decide whether to submit the issue to the jury. However, the court's task in such a case is identical to that imposed in the administration of a judicially set standard of conduct in which the court must also decide whether to submit the issue to the jury or find negligence as a matter of law. For example, in railroad crossing cases this court has set a judicial standard that a train on a crossing is itself adequate warning of its presence and the railroad has no duty to provide further warning, such as a flagman. We have alleviated the sometimes harsh effects of that rule, however, by creating an exception that if a reasonably prudent driver might not observe the train on the crossing, then, the rail-

road does have a duty to warn the driver of the presence of the train. *Finn v. Spokane, P. & S. Ry. Co.,* 189 Or 126, 214 P2d 354 (1950), 194 Or 288, 241 P2d 876 (1952). In such cases the court must decide whether there is evidence from which a jury could find that a reasonably prudent person might not observe the train unless the railroad provided some warning.

■ The jury in this case could have found that the defendant acted as a reasonably prudent person although his vehicle may have proceeded over the dividing line. For this reason the instruction was not erroneous in substance.[2]

■ The plaintiff also excepted to the trial court's instruction: "Then another statute of this State provides that drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one half of the main traveled portion of the roadway as nearly as possible."

The instruction was not applicable to this case because there was a line dividing the street into lanes and the plaintiff's lane was wider than the defendant's.

We hold, however, that giving this inapplicable instruction was not prejudicial error. Immediately prior to the giving of the quoted instruction, the trial court correctly instructed that the statute requires that when a street is divided into lanes the driver is required to drive in his own lane. Defendant's counsel never contended in his argument to the jury that his client was entitled by statute to cross the dividing line and use one-half of the highway.

Affirmed.

BRYSON, J., concurs in the result.

---

[2] No objection was made to the form of the instruction and we, therefore, do not pass upon that issue.

McALLISTER, J., dissenting.

The majority concludes that under the present state of our law, the violation of a motor vehicle operational statute creates a disputable presumption of negligence which may be rebutted by a showing that the actor, in violating the statute, was acting reasonably. I disagree. In my opinion, our prior cases have established the stricter doctrine of negligence per se, with only limited exceptions.

In *Marshall v. Olson,* 102 Or 502, 202 P 736 (1922) the court first adopted the "emergency" exception to the rule that violation of an operational statute is negligence per se:

> "* * * But this [rule of negligence *per se*] must be taken with some degree of qualification, so that, if it is necessary in an emergency, under all the circumstances, to avoid an accident, to turn otherwise than the ordinance or law prescribes, it could not be counted upon as evidence of negligence, or as negligence itself. Before this qualification.can be relied upon, it must of course appear from the evidence that a sudden and perilous emergency was present sanctioning, in the judgment of reasonably prudent men, the doing of the act which under the circumstances would be a technical breach of municipal regulations. * * *" 102 Or at 512.

In *LaVigne v. Portland Traction Co.,* 179 Or 221, 170 P2d 709 (1946) the court held that the defendant acted as a reasonably prudent person in an emergency situation:

> "* * * He was suddenly faced with danger from an automobile, obviously out of control and coming toward him on its wrong side of the street. * * * He took the only avenue of escape open, and there would have been no accident but for the unforeseeable action of the LaVigne car, which suddenly

changed its course, went back to the side of the road from which it had come, and, without slackening its speed, collided with the bus.

"It seems hardly necessary to add that the statute (§115-327, O.C.L.A.), which requires the operation of vehicles on the right-hand side of the highway, has no application in the circumstances of this case. * * *" 179 Or at 227.

In *Gum, Adm. v. Wooge,* 211 Or 149, 315 P2d 119 (1957), the court held that, although violation of the statute requiring a driver to keep on the right half of the road is negligence per se, the statute is not an absolute requirement:

"* * * Furthermore, the statute is not considered violated in instances where the driver, acting as a reasonably prudent person, turns to the left to avoid a collision with an approaching vehicle traveling in its wrong lane. * * *" 211 Or at 158.

In *Raz v. Mills,* 231 Or 220, 372 P2d 955 (1962) the court said that if the defendant was not at fault in causing the emergency,

"* * * then, if the jury should find that there was such an emergency, the defendant might be excused for her failure to remain on her own side of the road." 231 Or at 229.

All of these cases involved violations of operational statutes, and all recognized as an excuse only the existence of an emergency.

Then, in *McConnell v. Herron,* 240 Or 486, 402 P2d 726 (1965), we considered the problem of violations of safety equipment statutes. Drawing on the cases involving operational statutes, we concluded that a limited type of excuse should also be available in equipment statute cases. The rule for such cases we phrased as follows:

"* * * Any violation of a statutory standard

of care is negligence as a matter of law except that it may be excused where the party who failed to comply with the statute shows that his violation was caused by circumstances beyond his control and that it was, under the circumstances, impossible, regardless of the degree of care he might have exercised, for him to comply with the statute." 240 Or at 490.

This standard was later modified to make it clear that the actor need not show literal impossibility of compliance, but need only show that the defect in his equipment could not have been discovered by the exercise of the highest degree of care. *Ainsworth v. Deutschman*, 251 Or 596, 600, 446 P2d 187 (1968).

In *Pozsgai v. Porter*, 249 Or 84, 435 P2d 818 (1968) plaintiff contended that defendant, whose vehicle was on the wrong side of the road at the time of the collision, could be excused for a violation of the statute only if it was impossible for him to comply by the exercise of the highest degree of care. We held that the standard adopted in *McConnell v. Herron*, supra, was not applicable to cases involving operational statutes. The opinion contains the following statement, from which the trial court's instruction in the present case was apparently taken:

"\* \* \* These cases hold that an individual violating such a statute can excuse his conduct by showing that he could not or should not have complied by the exercise of reasonable care. Driving on the wrong side of the road, Raz v. Mills, 231 Or 220, 372 P2d 955 (1962); Gum, Adm. v. Wooge et al, 211 Or 149, 315 P2d 119 (1957); La Vigne v. Portland Traction Co., 179 Or 221, 170 P2d 709 (1946); illegal turning at intersection, Marshall v. Olson, 102 Or 502, 202 P 736 (1922). \* \* \*" 249 Or at 87.

Although the cases cited here all involved sudden emergencies, as I have pointed out above, the opinion in *Pozsgai* failed to incorporate that element into the statement of the rule applicable to operational statutes. This was apparently the result of an oversight. *Pozsgai* was a sudden emergency case, and the element of emergency was recognized elsewhere in the opinion. For example, the court said:

> "The present case is identical to *Raz v. Mills, supra*. In both the present case and in *Raz* the defendant was on the wrong side of the highway and sought to excuse himself because of an emergency situation. * * *" 249 Or at 87.

The court also said:

> "* * * Be that as it may, the violation here was that of an operational statute and we specifically approve the *Raz* rule in violations of that sort." 249 Or at 88.

The *Raz* rule which was expressly approved in *Pozsgai* was stated as follows:

> "A defendant relying upon an emergency to explain his conduct must show that he was faced with a sudden danger, in light of which his conduct measures up to the standard required of a reasonable man faced with a similar emergency. See Restatement, 2 Torts 796, § 296 (1934). However, as we have said in a number of cases, a person whose own negligence contributes to the emergency cannot take refuge in the emergency to escape liability for his own fault. * * *" 231 Or at 228.

In *Owre v. Crown Zellerbach Corp.*, 260 Or 454, 457, 490 P2d 504, 505 (1971), HOLMAN, J., who was the author of the *Pozsgai* opinion, said:

> "* * * So far, all cases in which juries have been allowed to decide whether the violation of an operational statute might be excused have been

ones in which sudden and unanticipated emergencies were involved."

See, also, *Harrison v. Avedovech,* 249 Or 584, 439 P2d 877 (1968), decided shortly after *Pozsgai,* in which we approved a jury instruction allowing the emergency defense to a violation of an operational statute.

In *Tokstad v. Lund,* 255 Or 305, 306-307, 466 P2d 938 (1970), upon which the majority relies, we said:

"A statute requires a driver to stay upon his own side of the highway and the law in this state is that a violation of a statute is negligence per se. Nevertheless, we have held that a failure to stay upon the right side of the road is not negligence per se if the offending driver went on the wrong side through no fault of his own. Raz v. Mills, 231 Or 220, 227-228, 372 P2d 955 (1962); Harrison v. Avedovech, 249 Or 584, 588-590, 439 P2d 877 (1968)."

Both *Raz* and *Harrison* were, as pointed out above, sudden emergency cases. *Pozsgai* was not mentioned in the *Tokstad* opinion, and the rationale of the case on this point is not clear. What is clear is that the court's attention was primarily focused on another issue, which determined the disposition of the case. I do not believe that we intended in *Tokstad* to initiate a change in the law of statutory negligence. Certainly we had no such intention in *Mennis v. Highland Trucking, Inc.,* 261 Or 233, 492 P2d 464 (1972), in which *Tokstad* was cited in dicta and prior cases were not mentioned.

In my opinion *Tokstad* should be disapproved or limited to its facts. Our other cases clearly hold that the violation of a motor vehicle operational statute is negligence per se, except when there is evidence from which the jury could find that the actor was

confronted with a sudden emergency and, in the face of that emergency, acted reasonably. The instruction given in the present case permitted the jury to excuse a statutory violation if it believed the defendant was acting reasonably, without regard to the existence of an emergency. I believe this instruction was an incorrect statement of the law and, under the facts of this case, was prejudicial to plaintiff. I dissent.