Argued June 3, affirmed October 23, petition for
rehearing denied November 26, 1968

AINSWORTH, *Appellant, v.* DEUTSCH-
MAN ET AL, *Respondents.*

446 P. 2d 187

*Stanley C. Jones, Jr.,* and *Robert H. Grant,* Medford, argued the cause and filed a brief for appellant.

*William V. Deatherage* and *Philip B. Lowry,* Medford, argued the cause for respondents Deutschman. On the brief were Frohnmayer, Lowry & Deatherage, Medford.

*Ervin B. Hogan,* Medford, argued the cause and filed a brief for respondents Tom Hamlin and Hamlin Motor Company.

Before Perry, Chief Justice, and McAllister,* Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

---

* McAllister, J., did not participate in this decision.

DENECKE, J.

The principal issues upon appeal arise from the plaintiff being injured as a result of defective brakes in the vehicle of defendants Deutschman.

The defendant Roy Deutschman owned a 1959 Thunderbird which was operated by his wife, defendant Gloria Deutschman. Defendant Hamlin Motor Company bought the car used in 1963 and sold it to one Fields. Fields sold it to the Deutschmans about three months later. The accident occurred after the Deutschmans owned the car about six months. The plaintiff was riding in a vehicle on a through street. Mrs. Deutschman was approaching the through street on an intersecting street. As Mrs. Deutschman neared the intersection she applied her brakes, they failed, and she ran the stop sign, colliding with the vehicle in which plaintiff was riding.

The jury returned a verdict in favor of all defendants, and the plaintiff appeals.

The evidence was that the brakes failed because a link pin was not installed in a slot in the brake shoe. This defect was of long standing but did not cause a brake failure for some time because an aluminum piston performed the same function. Eventually, however, this piston wore out, causing the brakes to fail. There was no evidence that anyone had experienced any difficulty with the brakes prior to the accident. Before the failure, the defect could be detected only if the wheel and drum were removed from the axle. It was never determined who was responsible for the link pin not being installed.

The plaintiff by appropriate procedures requested the trial court to rule that the defendants Deutschman were negligent as a matter of law because they had

failed to prove that the brake failure was legally excusable.

ORS 483.444 requires that all brakes be maintained in good order and capable of stopping within certain distances and certain speeds. The brakes on Mrs. Deutschman's car did not comply with this statute. While the general rule of this court is that violation of a motor vehicle safety equipment statute is negligence per se, in *Hills v. McGillvrey,* 240 Or 476, 402 P2d 722 (1965), and *McConnell v. Herron,* 240 Or 486, 402 P2d 726 (1965), we held that under certain circumstances violation is excusable and would not amount to negligence per se:

> "* * * We hold only that unless a party can show impossibility of compliance, regardless of the degree of care, or that his failure to comply with the statute was caused by circumstances over which he had no control, he has not tendered a valid excuse. * * *" *McConnell v. Herron,* 240 Or 486, 493-494, 402 P2d 726 (1965).

We more recently restated the rule:

> "* * * In *McConnell* we relaxed this rule [of absolute liability] slightly and held that such a violation could be excused if it was impossible to comply with the statute by the exercise of the highest degree of care. * * *" *Pozsgai v. Porter,* 249 Or 84, 85, 435 P2d 818, 819.

As stated, the evidence in this case is that the defect could not be discovered unless the wheel and drum were removed from the axle. The evidence also was that defendants had no specific reason to remove the wheel and drum. Prior to the accident the brakes worked properly; there was no noise and no evidence of any leakage of the brake fluid. The vehicle had

had periodic lubrication service which did not reveal and would not have revealed the defect.

■■ We hold that the jury could find that the defendants Deutschman, exercising the highest degree of care, could not have discovered the defect and, therefore, are excused from violating the safety equipment statute.

*McConnell v. Herron,* supra (240 Or 486), states that the defendant must show it was impossible to discover the defect. As plaintiff points out, it is literally possible to discover any defect. However, if the *McConnell* case requires literal impossibility of discovery, it is imposing a standard more rigid than that imposed in *Nettleton v. James,* 212 Or 375, 319 P2d 879 (1958), which *McConnell* purported to relax. *Nettleton v. James,* supra, stated as dictum that a latent defect would be an excuse. It defined latent defect as one "which the usual and well-recognized tests afforded by science and art for the purpose fail to detect * * *." 212 Or at 387.

■ We conclude that the statement of the principle in *Pozsgai v. Porter,* supra (435 P2d 818), is preferable: a violation of a statute requiring adequate safety equipment is excusable if the defect could not have been discovered by the exercise of the highest degree of care.

■■ The plaintiff also contends that the trial court erred in submitting to the jury instead of deciding favorably to the plaintiff as a matter of law the issue of whether or not the defendant Deutschman was excused from violation of the statute. *McConnell v. Herron,* supra (240 Or at 492), should not be interpreted as changing the customary respective roles of judge and jury. If reasonable men could differ on the question of whether or not the party used the highest de-

gree of care to discover the defect, the question is one to be resolved by the jury. If reasonable men could not differ, the question is one for the court.

The plaintiff contends that the trial court erred in giving the standard emergency instruction. A reasonable interpretation of the entire instructions is that the emergency instruction is only to be applicable to the plaintiff's charges of common-law negligence. The plaintiff in her exceptions states that if the instructions were so limited, she would have no objection.

■ The plaintiff in another exception contends that this court has held that the emergency instruction should not be given in any circumstances. *Hills v. McGillvrey,* supra (240 Or 476), is subject to such interpretation. However, the decision cited in such opinion, *Fenton v. Aleshire,* 238 Or 24, 30, 393 P2d 217 (1964), held that the giving of the emergency instruction was correct if the evidence justified such instruction. We reaffirm *Fenton v. Aleshire,* supra.

■ The plaintiff assigns as error the trial court's instruction that persons are entitled to assume that others have exercised due care until they know or should know that others are not so conducting themselves. The instruction may have been abstract and unnecessary, but it was not prejudicial.

■ The trial court refused to give a requested instruction applying the rule of strict liability and express warranty to the defendant Hamlin. The complaint is based upon negligence only, therefore, the request was properly denied. *Blake v. Roy Webster Orchards,* 249 Or 348, 437 P2d 757, 758-759 (1968).

Affirmed.