Argued June 5, 1970, reversed and remanded May 26, 1971

KNIGHT, *Appellant, v.* CONTINENTAL
CASUALTY CO., *Respondent.*

485 P2d 403

In Banc

Loren D. Hicks, Judge Pro Tempore.

*John J. Haugh*, Portland, argued the cause for appellant. With him on the briefs were Pozzi, Wilson & Atchison, and Richard Noble, Portland.

*A. Allan Franzke*, Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before O'Connell, Chief Justice, and McAllister, Sloan,[*] Denecke, Holman, Howell and Schwab, Justices.

O'CONNELL, C. J.

This is an action to recover benefits under a health and accident insurance policy. The jury returned a verdict for plaintiff. On defendant's motion, the trial court entered a judgment notwithstanding the verdict in favor of defendant. Plaintiff appeals.

The day after the policy went into effect plaintiff fell and injured a disc in her back. The injury required surgery. When defendant refused to make payment under the policy, plaintiff brought this action.

Defendant set up an affirmative defense alleging that plaintiff had given a false answer to one of the questions in the application for insurance. The application included the following questions:

"10. Have you or any dependents named, ever been medically treated or medically advised for any of the following:
❋ ❋ ❋ ❋ ❋

---

[*] Sloan, J., resigned September 30, 1970.

"Asthma, tuberculosis or any other respiratory or lung disorder; ulcer of the stomach or intestines; or any liver, digestive, intestinal or rectal disorder?

"11. Have you or any dependent named had medical or surgical advice or treatment, or been hospital confined during the past 5 years other than stated above?

"12. To the best of your knowledge and belief have you or any dependents named ever had any physical impairment, deformity, or disease other than stated above?"

The foregoing questions were answered "No" in the application.

The evidence shows that plaintiff had been treated by Dr. Howard Osborne when she had visited him "complaining of pain in the pit of the stomach" and the doctor made the following diagnosis: "Duodenal irritability, hyper-rugosity and tenderness sufficient to warrant a diagnosis of peptic duodenitis without ulcer crater." Plaintiff was put on a strict ulcer diet program. She continued to see Dr. Osborne about every two weeks for six months. Plaintiff testified that after the six months period she was "healed."

1. Plaintiff and her husband testified that the answer to these questions and the other questions in the application were entered in the application by insurer's agent Weber after he had put the questions to them. They did not read the application before signing it. They testified, in effect, that they answered all of the questions truthfully. It is plaintiff's position that if the answers given in the application were false, the misrepresentations were attributable to defendant's agent Weber and not to plaintiff or her husband and

that therefore defendant should be estopped by the agent's conduct.

The trial court ruled that the estoppel issue was controlled by *Comer v. World Insurance Co.*, 212 Or 105, 318 P2d 916 (1957),[1] and that plaintiff would be deemed to have made the misrepresentations since she had received the application with the policy and had not notified defendant of the false statements. The jury was so instructed.

After the present case was tried and appealed, we overruled *Comer v. World Insurance Co., supra,* in *Bunn v. Monarch Life Insurance Co.*, 257 Or 409, 478 P2d 363 (Dec. 16, 1970). If the present case were tried now, the evidence would be sufficient to require the estoppel issue to be submitted to the jury.

The other issue in the case is the materiality of the false representation in the application. That issue was submitted to the jury. We are of the opinion that under the facts of this case the trial court should have ruled that the false representations were material as a matter of law.

It is contended by plaintiff that the issue of materiality was properly submitted to the jury because its determination rested upon the credibility of Mr. Quist, defendant's witness. Mr. Quist, defendant's chief underwriter for the western region, testified that if the application had revealed any disorder of the stomach or duodenum, qualifying endorsements would have been made to the policy. He testified that defendant

---

[1] Comer v. World Insurance Co., supra, held that an insured has the duty to read the application when it is returned to him with the policy and that he is bound by the material misrepresentations in the application.

had issued an underwriting manual which specified the endorsements which would be required for various conditions and that the manual required endorsements for digestive disorders and hiatal hernias. The manual was not offered in evidence but was made available for examination by plaintiff's attorney.

2. We are of the opinion that the evidence in the present case requires a ruling that the answers were material as a matter of law. It is common knowledge that an insurance company will not issue a policy of insurance or will issue only a qualified policy if the company knows that the applicant has certain serious symptoms relevant to the type of coverage offered under the policy. Thus it would be clear that a company would not issue a health and accident policy to an applicant who revealed that he had terminal cancer. At the other extreme, it is equally clear that the company would issue an unqualified policy if the applicant's only affliction is a bad cold. Between these two extremes there will be variations in the degree of the seriousness of the applicant's affliction. Some of the variations will be such that the court, drawing upon its knowledge of business practice, would be entitled to rule as a matter of law that the failure to reveal information in response to the question in the application is or is not material. When the court does not have such knowledge, the insurer must adduce evidence to establish the fact and the claimant may rebut it with other evidence.

3. In the present case defendant presented evidence on the issue of materiality, but plaintiff did not. The question is whether, under these circumstances, the issue of materiality should be submitted to the jury. We hold that it is not a jury question in this case.

This aspect of the case is controlled by the principle first announced in this state in *Wiebe v. Seely*, Administrator, 215 Or 331, 343-344, 335 P2d 379 (1958), and later applied in *Rickard v. Ellis*, 230 Or 46, 51, 368 P2d 396 (1962) and *Foster v. Agri-Chem, Inc.*, 235 Or 570, 385 P2d 184 (1963). In those cases, adopting the language in *Ferdinand v. Agricultural Insurance Co.*, 22 NJ 482, 126 A2d 323, 62 ALR2d 1179 (1956), we held that "when the testimony of witnesses, interested in the event or otherwise, is clear and convincing, not incredible in the light of general knowledge and common experience, not extraordinary, not contradicted in any way by witnesses or circumstances, and so plain and complete that disbelief of the story could not reasonably arise in the rational process of an ordinary intelligent mind, then a question has been presented for the court to decide and not the jury." *Rickard v. Ellis, supra* 230 Or at 51.

The testimony in the present case satisfies all of the elements of the foregoing rule. The answers, if false were, therefore, material as a matter of law. And the misrepresentation was material, even though it did not relate to the injury for which the claim is made in this case. Oregon Laws 1955, ch 737, § 7 (3) (Replaced 1967, ORS 741.150 (3)), provides:

> "The falsity of any statement in the application for any policy covered by this chapter [health and accident insurance] may not bar the right to recovery thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurance company."

If the representation made by plaintiff relating to her digestive tract was false, it would have materially affected the "acceptance of the risk" and the "hazard

assumed" by defendant.[8] If plaintiff had digestive difficulties and they were disclosed by her response to the questions in the application, defendant would have issued the policy only with qualifying endorsements thus protecting itself against the risk of loss resulting from plaintiff's digestive problems. If plaintiff misrepresented her condition, defendant would be subjected to the risk that the misrepresentation might go undetected and claims relating to plaintiff's digestive tract might be paid. It is true that in the present case defendant did not suffer a loss because it learned the truth before paying the claim relating to the alleged misrepresented condition. But not all misrepresentations of this nature will be discovered. In the aggregate they will result in increased losses and consequent increases in premiums.[9]

As we noted above, the only issue submitted to the jury was the materiality of the insured's representations; the jury did not pass upon the question of the falsity of the representations or the issue of estoppel. The cause must, therefore, be remanded for a new trial.

Reversed and remanded.

---

[8] Interpreting a similar statute, the Court in Unger v. Metropolitan Life Insurance Co., 103 Ill App 2d 150, 155, 242 NE2d 907, 910 (1968), said: "* * * The misrepresentation * * * need not be made with intent to deceive if it materially affects the risk * * * nor need the misrepresentation be one with regard to a matter upon which a claim is later predicated." See also, 12 Appleman, Insurance Law and Practice, 1971 Pocket Part § 7294, p 176: "The fact that the misrepresentations did not contribute to illness for which insured sought recovery would be immaterial." See generally, Patterson, Essentials of Insurance Law §§ 82, 83, pp 408-432 (2d ed 1957).

[9] See Keeton, Insurance Law Rights at Variance with Policy Provisions: Part Two, 83 Harv L Rev 1281, 1294 et seq. (1970).

HOWELL, J., specially concurring.

I concur that this case should be remanded for a new trial, but I cannot agree with the majority's statement that the misrepresentation was material, even though it did not relate to the injury for which the claim was made. It is my understanding that the question of the relationship of the misrepresentation to the injury was not raised by the parties. If it were properly before us, I believe that question should be decided on the basis of ordinary contract principles, i.e., that the misrepresentation, in order to be material, should bear some relationship to the injury claimed. In this case, I would have to decide that issue in favor of the plaintiff because I do not feel that there is any causal materiality to a misrepresentation that plaintiff had not suffered intestinal disorders and an injury to her back suffered in a fall.