Argued October 9, 1972, affirmed February 15, 1973

FREUND, *Appellant, v.* DeBUSE, *Respondent.*

506 P2d 491

*Raymond J. Conboy*, Portland, argued the cause for appellant. With him on the brief were Pozzi, Wilson & Atchison and Brian L. Welch, Portland.

*J. Laurence Cable*, Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Gordon Moore and Ridgway K. Foley, Jr., Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

DENECKE, J.

The plaintiff alleged he was injured when the car he was driving was struck in the rear by defendant's pickup. The defendant testified the collision occurred because his brakes unexpectedly failed. The jury returned a verdict for the defendant and plaintiff appeals.

The plaintiff contends the trial court erred in failing to instruct the jury that the defendant was liable. The basis of plaintiff's motion was that the defendant was negligent per se because his brakes were not "adequate to control the movement of and to stop and hold such [his] vehicle" and his brakes were not "maintained in good working order," all in violation of ORS 483.444. The defendant's testimony was that after the collision he "tore apart" his wheel and found a broken brake drum which was the cause of the brake failure.

Just weeks ago in *Barnum v. Williams*, 264 Or 71, 504 P2d 122 (1972), we expressed the difficulty this court has had in the application of the negligence per se doctrine. The *Barnum* case involved an "operational" motor vehicle statute, driving on the "wrong

"side" of the road. We held "that if a party is in violation of a motor vehicle statute, such a party is negligent as a mater of law unless such party introduces evidence from which the trier of fact could find that the party was acting as a reasonably prudent person under the circumstances." 264 Or at 78. The issue here is whether this rule also should be applied to violations of motor vehicle equipment statutes. We hold it should.

Initially, the law of Oregon was that violation of a statute setting the standard required for motor vehicle equipment was negligence per se. We stated that it was negligence per se although the violator might have acted as a reasonably prudent person. *Nettleton v. James,* 212 Or 375, 386, 319 P2d 879 (1958). In the same case, however, we stated that if the violation of the equipment statute was because of a "latent defect" the operator might not be liable.

In *McConnell v. Herron,* 240 Or 486, 493, 402 P2d 726 (1965), in which the defendant had defective brakes, we departed from the strict negligence per se doctrine. We stated:

> "* * * We are now of the opinion that the motor vehicle code was not intended to eliminate the element of fault from the law of torts. * * *.
>
> "Accordingly, we apply to equipment defects the same rule we have applied in the past to operational errors. Liability in both situations is based upon fault rather than upon a theory of absolute liability. * * *." 240 Or at 491.

We did not, however, "apply to equipment defects the same rule we have applied in the past to operational errors." Instead, we adopted a rule somewhere between the rule applicable to operational errors and our former rule for equipment statute violations. We

stated a party would be excused from a violation of an equipment statute if he could prove "that his non-compliance was caused by circumstances beyond his control and that it was impossible, regardless of his degree of care, for him to comply with the statute." 240 Or at 491.

We were quickly called upon to apply the standard applied in *McConnell v. Herron,* supra (240 Or 486), to violations of both equipment and operational statutes. In *Pozsgai v. Porter,* 249 Or 84, 86-88, 435 P2d 818 (1968), we acknowledged that we were applying a different negligence per se rule for violations of equipment statutes than for violations of operational statutes. We admitted that "theoretically" there may be "no justification for the rule of *McConnell* which treats the violation of safety equipment statutes differently than the violation of operational statutes." 249 Or at 87-88.

In *Ainsworth v. Deutschman,* 251 Or 596, 446 P2d 187 (1968), we held that the statement of the rule in *McConnell v. Herron,* supra (240 Or 486), for violations of the equipment statutes was incorrect. We adopted the suggested language in *Pozsgai v. Porter,* supra (249 Or 84), and stated that violations of equipment statutes would not be negligence per se if such violations could not be avoided by the exercise of the highest degree of care, although it was not "impossible, regardless of the degree of care he might have exercised, for him to comply with the statute." 240 Or at 490.

There is no logical or empirical basis for treating violations of vehicle equipment statutes differently than vehicle operational statutes and our experience has taught us that attempts to preserve any distinction have resulted in confusion.

■ *McConnell v. Herron,* supra (240 Or 486), and *Ainsworth v. Deutschman,* supra (251 Or 596), are overruled insofar as they hold that violations of vehicle equipment statutes are negligence per se unless the violator can establish that the violation occurred despite his exercise of a standard of care higher than that of a reasonably prudent person. We hold, as we did in *Barnum v. Williams,* supra (264 Or 71), "that if a party is in violation of a motor vehicle [equipment] statute, such a party is negligent as a matter of law unless such party introduces evidence from which the trier of fact could find that the party was acting as a reasonably prudent person under the circumstances." 264 at 78.

The next question is whether the evidence introduced by the defendant is sufficient for a jury to find that the defendant acted as a reasonably prudent person despite his violation of the statute. We find that it is.

The vehicle was a 1955 pickup which defendant had purchased in 1968, about eight months prior to the collision. The jury could find that the defendant had no prior trouble with the brakes except that about three weeks before the collision he adjusted them. He testified that because of normal wear of the brake lining he had to push the brake pedal down too far to get braking. He corrected this by adjusting the pedal.

The defendant testified the broken brake drum caused the brake failure in this manner:

"A  *  *  * [Y]our brake drum is round with brake lining. They push out against the brake drum. And this brake drum cracked and spread out under the pressure of the application of the brakes, allowing the — excessive amount of fluid to enter the

wheel cylinder. The piston that pushes the brake lining out, causing the brake pedal to go to the floor. * * *.

"* * * * *

"Q Where does all that fluid go when you push on your pedal?

"A You have a wheel cylinder drum. It is a small cylinder on a wheel with a piston in it.

"During normal braking, the brake lining will only push so far and you will only travel a short distance, but due to the broken drum, you travel the whole distance; the cylinder absorbs all the fluid that was in the master cylinder."

■■ We find this to be sufficient evidence to enable the jury to find that the defendant acted as a reasonably prudent person. When there is no prior warning of any possible defect in the brakes a reasonable vehicle operator is not required to "tear apart" the wheel to inspect for a defect.[1]

Affirmed.

McALLISTER, J., dissenting.

In my dissenting opinion in *Barnum v. Williams*, 264 Or at 71, 81, 504 P2d 122, 127 (1972) I pointed out that the majority had incorrectly interpreted our prior cases involving motor vehicle operational statutes. In the present case the majority overrules our prior decisions involving safety equipment statutes. In my opinion the two lines of cases, although applying different standards, were, prior to *Barnum*, entirely consistent. For the reasons stated in my dissent in that case, I cannot join the majority in abandoning the rule of negligence per se.

---

[1] For a similar case in a jurisdiction having a "negligence per se" rule like Oregon's, see O'Donnell v. Maves, 108 Ariz 97, 492 P2d 1205 (1972).

Moreover, in my opinion, the defendant failed to meet his burden of proof that he could not even, by the exercise of the highest degree of care, discover the defect in the brake drum.

I dissent.