Argued July 12, affirmed October 4, 1973

## PACIFIC NORTHWEST BELL TELEPHONE COMPANY ET AL, *Respondents, v.* CENTURY HOME COMPONENTS, INC., *Appellant.*

514 P2d 874

*Darst B. Atherly,* Eugene, argued the cause for appellant. With him on the briefs were Thwing, Atherly & Butler, Eugene.

*Paul D. Clayton,* Eugene, argued the cause for respondents. With him on the brief were Luvaas, Cobb, Richards & Fraser and Johnson, Johnson & Harrang, Eugene.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

Plaintiffs recovered damages for property destroyed by fire. The trial court tried the case without a jury.

This lawsuit was before this court in *Pacific N.W. Bell v. Century Home,* 261 Or 333, 491 P2d 1023, 494 P2d 884 (1972). A jury had found for defendant; however, we remanded for a new trial. *Hesse v. Century Home Components, Inc.,* decided this date, involves the same fire and the same defendant.

The plaintiffs in their complaint alleged, in part, as follows:

"At all times material the Fire Prevention Code of the City of Eugene contained the following provisions among others, reading from the Code as enacted in 1966:

"* * * * *.

" 'Section 28.7 Handling Readily Combustible Materials.' 'No person making, using, storing or having in charge or under his control any shavings, excelsior, rubbish, sacks, bags, litter, hay, straw or combustible waste materials shall fail or neglect at the close of each day to cause all such material which is not compactly baled and stacked in an orderly manner to be removed from the building or

Holman and Bryson, JJ., did not participate in this decision.

stored in suitable vaults or in metal or metal lined, covered, receptacles or bins * * *.' "

The trial court found the fire started in defendant's trash box. The court further found:

"Defendant Century Home Components, Inc. was negligent with respect to the beginning of the fire and the spreading thereof in that at the close of its work day on July 27, 1968, it failed to remove conbustible [sic] waste materials from its plant and stored the same in a box which was not a suitable vault, nor a metal or metal lined covered receptacle or bin * * *."

The trial court concluded that the defendant violated § 28.7 of the city fire code.

The evidence supporting this finding and conclusion was that the defendant put sawdust containing linseed oil, refuse and wood trimmings into a wooden trash box. The box was kept in the defendant's building. The fire which started in the box spread directly to a dock between defendant's building and the building in which plaintiffs' property was stored.

■ The defendant contends the pleadings do not allege a violation of § 28.7 of the fire code. Section 28.7 provides that combustible materials shall be safely stored, if allowed to remain in the building, or if not safely stored, shall "be removed from the building." The pleadings do not expressly state that the materials were not "removed from the building." We conclude, however, that the pleadings adequately notified defendant that plaintiffs charged it with violating § 28.7. Plaintiffs alleged in the alternative that the defendant violated the fire code by failing to keep the space adjacent to its building free of combustible materials and defendant violated § 28.7 by failing "to remove combustible waste materials from its plant."

■ The defendant made no attack on the pleadings prior to the verdict for the plaintiffs. We have held that in such circumstances "the complaint must be construed liberally in favor of the plaintiffs." *McGill v. Huling Buick Company*, 259 Or 413, 416, 487 P2d 656 (1971).

Defendant asserts that § 28.7 was enacted to prevent one's own building from being ignited by a fire starting in carelessly stored waste, whereas the uncontradicted evidence in this case was that the fire swept directly from the skip box to the dock. The fire did not progress first to defendant's building and then to the dock.

■ We agree with plaintiffs' argument that interpreting the purpose of the section only to be to protect the building in which combustible materials have accumulated is too restrictive. We believe the more reasonable interpretation is that the purpose was to prevent fires from damaging property other than the building in which the fire started as well as the building where the blaze originated.

■ Defendant contends the section did not apply because the materials placed in the skip box were not the kind of materials to which the ordinance applied. Section 28.7 applies to "any shavings, excelsior, rubbish, sacks, bags, litter, hay, straw or combustible waste materials * * *."

The trial court could reasonably find that the sawdust and 2 x 4 ends or trimmings thrown in the box were combustible waste materials. Two experts testified the materials in the box were "highly combustible."

Defendant states that the trial court followed

the negligence per se doctrine and found defendant negligent solely because it violated the fire code. Defendant contends this was error because under our recent decisions violation of a statute itself does not conclusively prove negligence unless the trier of fact also finds that the defendant did not conduct himself as a reasonably prudent person. *Barnum v. Williams,* 264 Or 71, 504 P2d 122 (1972), and *Freund v. DeBuse,* 264 Or 447, 506 P2d 491 (1973).

■ At no place in the record can we find that the defendant advanced this contention during trial or requested the trial court to make a finding that the defendant was acting reasonably even if the trial court should find it in violation of the ordinance. For this reason we will not consider this contention.

We do not find it unfair to require the defendant to advance this particular contention at trial. In the view of the majority in *Barnum v. Williams,* supra (264 Or 71), that decision did not change the rule decided in previous cases. The decision elaborated, and perhaps clarified, the grounds of former decisions.

■ The defendant assigned as error the trial court's following finding:

"[A]nd in placing inflammable wastes in an inflammable trash box under such circumstances and conditions that defendant knew or in the exercise of reasonable care should have known, that any fire in the trash box would be likely to spread to the building and adjacent structures, and in failing to empty the trash box of inflammable wastes before leaving the premises unattended for the night."

This finding on an issue of common-law negligence raises the same question we decided in *Hesse v. Century Home Components, Inc.,* decided this date. The

finding is essentially identical to the instruction in *Hesse*. We hold this finding in accordance with the principle stated in *Hesse*.

Affirmed.