Argued July 8, affirmed September 6, 1974

## SMITH, *Appellant, v.* EYERLY MOTORS, INC., *Respondent.*

525 P2d 1013

*James D. Vick,* of Stager & Vick, Salem, argued the cause and filed briefs for appellant.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Andrew F. Fink and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE,* HOLMAN, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is an action to recover damages for personal injuries suffered by plaintiff while riding in a Volkswagen automobile which she and her son had purchased from defendant. Defendant agreed to equip the automobile with safety belts but refused to do so. It is alleged in effect that plaintiff's injuries were "proximately caused by defendant's failure to exercise ordinary care in selling said Volkswagen to the plaintiff." Defendant demurred to the complaint. The demurrer was sustained and plaintiff appeals.

Plaintiff's complaint alleged in effect that as a part of the contract of sale of a 1971 Volkswagen defendant agreed to equip the automobile with safety belts; that defendant was negligent in failing to install the belts which it had promised to install at the time of the sale and delivery of the automobile; that defendant knew or should have known that the lack of seat belts would subject the occupants of the automobile to an unreasonable risk of harm and that plaintiff's injuries were the proximate result of defendant's failure to carry out its promise.

ORS 483.482 provides in part as follows:

"(1) No person shall sell or offer for sale a new motor vehicle that is primarily designed for transportation of individuals and that has seating for one or more passengers side-by-side with the operator or chauffeur if the vehicle is not equipped, for the operator or chauffeur and for at least one such

---

* Denecke, J., did not participate in this decision.

passenger, with safety belts or safety harnesses, or one of each, complying with minimum standards and specifications adopted by the division and installed in compliance with regulations adopted by the division."

Plaintiff concedes that ORS 483.482 is not directly applicable to the present case because the Volkswagen which defendant sold to plaintiff was a used automobile. But plaintiff seeks to use the statute indirectly to establish a cause of action for negligent conduct. It is first pointed out that the violation of a motor vehicle equipment statute is negligence per se to an injured party who is a member of a class of persons which the statute was intended to protect.[1] It is then argued that since the contract for the sale of the used automobile obligated defendant to do the same thing as that required by the statute, the violation of the contract should be treated the same as the violation of the statute, thus making the violation of the contract negligence per se, or in terms of our recent cases, presumptive negligence.

This is an ingenious, but unpersuasive, argument. In the first place, since this court has expressed its doubt as to the logical validity of the "negligence per se" rule,[2] we would not be inclined to extend it by the analogy suggested by plaintiff. More important, the justification for the negligence per se rule, if there is one, is that the enactment of the statute constitutes a legislatively declared standard of reasonable conduct which the court is required to accept. Obviously, no such standard can be deemed to arise out of a promise made by an individual seller to his buyer. Indeed,

[1] Freund v. DeBuse, 264 Or 447, 506 P2d 491 (1973); Barnum v. Williams, 264 Or 71, 504 P2d 122 (1972).

[2] See cases cited in footnote 1, *supra*.

where the legislature has required the installation of seat belts in new cars only, the clear implication is that no duty to install such equipment was intended to be imposed upon sellers of used cars and therefore the failure to do so would not constitute unreasonable conduct.

The judgment of the trial court is affirmed.