586 F.2d 719
 4 Fed. R. Evid. Serv. 202
 Robert D. HIGGENBOTTOM and Judith L. Higgenbottom, husband
and wife, and Farmers Insurance Company of Oregon,
a corporation, Appellants,
v.
Mel NOREEN and Marie Noreen, husband and wife, Appellees.
 No. 77-1220.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 22, 1978.
 
 Theodore H. Heap, Lake Oswego, Or. (argued), of Bauer, Murphy, Fundingsland, Bobbitt & Heap, Portland, Or., for appellants.
 Walter H. Sweek (argued), Portland, Or., for appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before WRIGHT, KILKENNY, and GOODWIN, Circuit Judges.
 GOODWIN, Circuit Judge.
 
 
 1
 This fire insurance subrogation claim was tried under Oregon law, as a diversity action, and the plaintiffs, assigning error to the instructions to the jury, appeal from a judgment for the defendants. We affirm.
 
 
 2
 The Noreens occupied a dwelling house for several years before selling it to the Higgenbottoms. During the Noreen occupancy, a metal fireplace was installed in the living room.
 
 
 3
 Some weeks after the Higgenbottoms took possession, and while they were using the fireplace to burn wood, cardboard and other debris, a fire broke out somewhere above the living room ceiling. Before it was extinguished by the fire department, the blaze caused damage in excess of $20,000.
 
 
 4
 Farmers Insurance Company of Oregon paid its insured, the Higgenbottoms, for their losses, and then brought this action against the Noreens on two theories, "statutory negligence" (negligence per se) and common law negligence.
 
 
 5
 Statutory negligence is alleged in the defendants' failure to obtain a building permit for installation of the fireplace and stack unit as required by the county Uniform Building Code, and in the failure of the fireplace unit to meet code provisions concerning the construction of fireplaces.
 
 
 6
 In addition, plaintiffs allege common law negligence in (1) the installation of the fireplace and smokestack; (2) the failure to read and follow instructions for installation of the unit; and (3) the failure to warn the purchasers of the improper installation.
 
 
 7
 The Noreens alleged that the Higgenbottoms were negligent in (1) burning materials that caused dangerously high temperatures; (2) bumping or dislodging joints of the smokestack; (3) failing to inspect the stack after taking possession; and (4) failing to inspect for overheating or flying cinders while using the fireplace.
 
 
 8
 The case was submitted to the jury with instructions, Inter alia, that if the jury found a violation of the building code, and if such violation was the proximate cause of the fire and plaintiffs' loss, then defendants had the burden of producing evidence to show that installation was nevertheless reasonable and prudent.
 
 
 9
 The judge also instructed the jury on common law negligence, essentially as summarized in §§ 352 and 353 of the Restatement (Second) of Torts. As a general rule, the instruction said, sellers are not responsible to purchasers for the condition of premises or for any damages sustained thereon after the change of possession. The single exception to this rule of caveat emptor, the instruction continued, would be the vendor's concealing, or failing to disclose, a condition that creates an unreasonable risk of harm. Either may subject the vendor to liability if the vendee does not know or have reason to know of the condition, and the vendor knows (or should know) of the condition, the risk it creates, and the vendee's ignorance.
 
 
 10
 Negligence per se has been applied in Oregon for fire statute violations since Northwest Door Co. v. Lewis Inv. Co., 92 Or. 186, 180 P. 495 (1919). But the effect of a statutory violation on a negligence action in Oregon is in transition. The Supreme Court of Oregon has modified its former rule that any violation of a statute regulating motor vehicle operation would be negligence as a matter of law. In Barnum v. Williams, 264 Or. 71, 504 P.2d 122 (1972), defendant braked his automobile to avoid hitting an oncoming motorcyclist, but accidentally slid across the center line of the road and hit the cyclist. The court declined to impose liability simply on the basis of the statutory violation. Instead, it adopted a reasonable care standard, and said the violation of the statute merely created a rebuttable presumption of negligence. 264 Or. at 76, 504 P.2d 122.
 
 
 11
 The dissent in Barnum argued that there was no need to overrule prior cases on statutory negligence, as that rule had always included exceptions for violation of statutes for emergency reasons. 264 Or. at 81-86, 504 P.2d 122 (McAllister, J., dissenting). See generally, W. Prosser, Handbook of the Law of Torts, 197-200 (4th ed. 1971). Just weeks after Barnum, however, the Oregon court also struck down negligence per se in the failure to maintain brakes as required by statute, though no emergency was involved. Freund v. DeBuse, 264 Or. 447, 506 P.2d 491 (1973). Violation of both operational and equipment statutes is no longer negligence per se, but only "presumptive negligence". See also Smith v. Eyerly Motors, Inc., 269 Or. 613, 525 P.2d 1013 (1974). A showing of reasonable care under the circumstances rebuts the presumption.
 
 
 12
 The rule of presumptive negligence has been applied so far only in vehicle operation and equipment cases, though the language of the holdings has not always been limited to such facts. See, e. g., James v. Carnation Co., 278 Or. 65, 76, 562 P.2d 1192 (1978).
 
 
 13
 In the only case since Barnum and Freund concerning fire statute or code violations, the Oregon court declined to extend the automobile cases to fire losses because the defendant had not objected to the negligence per se instruction at the time it was given. Pacific Northwest Bell Telephone Co. v. Century Home Components, Inc., 267 Or. 46, 514 P.2d 874 (1973). The court said: "We do not find it unfair to require the defendant to advance this particular contention at trial. In the view of the majority in Barnum (supra), that decision did not change the rule decided in previous cases. The decision elaborated, and perhaps clarified, the grounds of former decisions." 267 Or. at 51, 514 P.2d at 877.
 
 
 14
 Prior to Barnum and Freund, tavernkeepers were subject to per se liability for statutory negligence where there was disorderly behavior on their premises in violation of liquor control regulations. E. g., Stachniewicz v. Mar-Cam Corp., 259 Or. 583, 488 P.2d 436 (1971). Following Barnum and Freund, however, the Oregon court has de-emphasized negligence per se. In Campbell v. Carpenter, 279 Or. 237, 566 P.2d 893 (1977), the court adopted a new rule, based solely on common law negligence, in cases of service to intoxicated patrons. The court limited Stachniewicz to its facts and deliberately declined to base its rule on an applicable Oregon statute prohibiting service to such persons. 279 Or. at 241 n. 2, 566 P.2d 893. In Radke v. Carpenter, 281 Or. 671, 576 P.2d 365 (1978), a case of disorderly conduct, the court in passing noted the Stachniewicz Rule of negligence per se but said that the case was distinguishable. 281 Or. at 677, 576 P.2d 365.
 
 
 15
 In neither case did the court consider the issue of statutory negligence directly. The defendant in Campbell was found guilty of common law negligence, and in Radke the fracas took place outside the tavern, and hence was not a violation of the statute. But the cases show that Oregon has (1) abolished statutory negligence in some contexts, and (2) indicated its unwillingness to apply the doctrine in other contexts. It therefore appears that an Oregon court would probably instruct on presumptive negligence in a case like the one before us.
 
 
 16
 That presumptive negligence has replaced negligence per se is apparently also the belief of the Oregon State Bar Committee on Procedure and Practice. Oregon Jury Instructions for Civil Cases, Instruction No. 10.03 ("Statutory Negligence") tracks substantially the instruction given by the district court in the instant case. That instruction, while requiring a slight extension of Oregon law, correctly interprets the trend in the state courts.
 
 
 17
 Oregon law also supports the common law theory submitted to the jury. Though there is no case squarely on point, the Oregon court has said: "When the relation of vendor and vendee exists, the doctrine of caveat emptor applies unless there is some subsisting fiduciary relationship between the parties." Miller v. Protrka, 193 Or. 585, 592, 238 P.2d 753 (1951) (alleged fraudulent misrepresentation in sale of motel).
 
 
 18
 In effect, plaintiffs ask this court to imply a warranty of fitness in the sale of a used home any time the vendor is responsible for the condition complained of. Although warranties are often implied in new home sales, such a rule has not been applied to used homes in Oregon, nor in most other jurisdictions. See Graham v. United States, 441 F.Supp. 741 (N.D.Tex.1977); Yepsen v. Burgess, 269 Or. 635, 641, 525 P.2d 1019 (1974). We see no reason to introduce the notion here.
 
 
 19
 Plaintiffs also complain of the district court's failure "to direct the jury to find that the defendants failed to warn the plaintiffs of the improper installation of the fireplace." Defendants admit that they did not discuss the fireplace with their vendees. But plaintiffs sought a determination of Improper installation. Whether installation was improper (and thus whether there may have been a duty to warn) was a question for the jury.
 
 
 20
 Plaintiffs appeal from the judge's failure to take the question of violation of the building code from the jury. Both federal policy and Oregon law favor the submission of disputed factual issues to the jury, rather than their decision from the bench. Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); See Knight v. Continental Casualty Co., 259 Or. 46, 50, 485 P.2d 403 (1971).
 
 
 21
 Testimony was in conflict whether Noreen had obtained a building permit and whether his installation had met code requirements. Because of the dispute concerning violation of the code, the judge properly submitted the factual question to the jury. For similar reasons, the judge properly submitted to the jury the disputed facts of plaintiffs' contributory negligence.
 
 
 22
 Plaintiffs' expert witness, Arleth, was not allowed to testify as to the proper installation of the fireplace unit. The trial judge found that Arleth was not an expert, having installed only four such fireplaces in thirteen years.
 
 
 23
 The competence of witnesses is for the court to decide in accordance with state law if state law "supplies the rule of decision." Fed.R.Evid. 601. Settled Oregon law gives the trial judge great discretion in deciding on the competence of experts. State Highway Commission v. Parker,225 Or. 143, 162, 357 P.2d 548 (1960); See also Wulff v. Sprouse-Reitz Co.,262 Or. 293, 304-06, 498 P.2d 766 (1972). Disallowing Arleth's testimony did not abuse that discretion.
 
 
 24
 Finally, plaintiffs objected to the admission of two Veterans Administration documents covering inspections made by the VA when plaintiffs purchased the house. Plaintiffs contend that the documents were inadmissible " because of their hearsay nature and because the person who inspected the house and filled in the documents was not present for cross-examination." Fed.R.Evid. 803(8) explicitly excludes public records and reports from the traditional hearsay rule, and in any event there is no showing that the introduction of the inspection, made in aid of a purchase-money mortgage, was prejudicial to any party in this case.
 
 
 25
 Affirmed.