Argued and submitted March 2, reversed and remanded with instructions to vacate judgment for respondent and enter judgment for appellant April 25, reconsideration denied August 1, petition for review denied September 18, 1990 (310 Or 393)

# IVES,
## *Respondent,*

### *v.*

## INA LIFE INSURANCE COMPANY,
### *Appellant.*

### (CC87-2199; CA A50878)

790 P2d 1206

Ridgway K. Foley, Portland, argued the cause for appellant. With him on the briefs were Steven D. Hallock and Schwabe, Williamson & Wyatt, Portland.

Jeanyse R. Snow, Astoria, argued the cause for respondent. With her on the brief was McDonald, McAllister & Snow, Astoria.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

## EDMONDS, J.

Defendant INA Life Insurance Company (INA) appeals from a judgment entered after the trial court granted plaintiff's motion for summary judgment and denied INA's motion for summary judgment. INA assigns error to both rulings, as well as to the granting of plaintiff's "motion to limit admissibility" of certain evidence. The issue is whether INA complied with the applicable statutes that require a copy of the application for insurance to be attached to the policy when it is issued by the insurer.[1] If that requirement is not satisfied, the insurer may not defend on the ground of the insured's misrepresentation. We reverse.

John O'Brien, as beneficiary, initiated this action

---

[1] *Former* ORS 743.042(1), now ORS 742.013(1), provided:

"All statements and descriptions in any application for an insurance policy by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy unless the misrepresentations, omissions, concealment of fact and incorrect statements:

"(a) Are contained in a written application for the insurance policy, *and a copy of the application is indorsed upon or attached to the insurance policy when issued;*

"(b) Are shown by the insurer to be material, and the insurer also shows reliance thereon; and

"(c) Are either:

"(A) Fraudulent; or

"(B) Material either to the acceptance of the risk or to the hazard assumed by the insurer." (Emphasis supplied.)

*Former* ORS 743.045(1), now ORS 742.016(1), provided:

"Except as provided in ORS 743.075, every contract of insurance shall be construed according to the terms and conditions of the policy. *When the contract is made pursuant to a written application therefore, if the insurer delivers a copy of such application with the policy to the insured, thereupon such application shall become a part of the insurance policy.* Any application that is not so delivered to the insured shall not be a part of the insurance policy and the insurer shall be precluded from introducing such application as evidence in any action based upon or involving the policy. Any oral representations by the insured that are not included in an application shall not be a part of the insurance policy and the insurer shall be precluded from introducing such representations as evidence in any action based upon or involving the policy." (Emphasis supplied.)

ORS 743.177 provides:

"A life insurance policy shall contain a provision that all statements made by or on behalf of the insured shall, in the absence of fraud, be deemed representations and not warranties, and that no such statement shall be used in defense of a claim under the policy unless contained in a written application and *unless a copy of such application is indorsed upon or attached to the policy when issued.*" (Emphasis supplied.)

after INA refused to pay death benefits for the death of the insured, Vivian O'Brien. John died after the commencement of the action, and the personal representative of his estate was substituted as plaintiff. The evidence is uncontroverted that, in March, 1985, Vivian applied to INA for a life insurance policy. The application, consisting of Parts I, IA and II, was completed by an agent of defendant Maki Insurance, Inc.,[2] in the agent's handwriting. Vivian signed all three parts. Plaintiff concedes that Part I falsely stated that Vivian did not "currently smoke cigarettes" and had not done so "during the last 12 months."

In the INA home office, an employee transcribed the application onto a typewritten form, because the form used by the agent was incorrect. The typewritten form was attached to the policy and sent to Vivian. After Vivian died, INA discovered Part II of the typewritten form with her signature in its files. Directly above her signature was the following provision:

"The undersigned, having read the above, any [sic] Part I and Part IA hereof, agrees that, to the best of his knowledge and belief, the information therein is complete and correct, and shall be the basis for and a part of any insurance issued."

In ruling on the parties' cross-motions for summary judgment the court held that a "copy" of the application was not attached to the issued policy, as required by statute. Former ORS 743.042(1); former ORS 743.045(1); ORS 743.177. INA argues that the typewritten attachment to the policy was a "copy" of the handwritten application. Plaintiff responds by arguing that the attachment was not a "copy," because it did not contain Vivian's signature and because it varied from the handwritten application.

■ Preliminarily, plaintiff argues that we should "ignore" INA's references to the agent's deposition, because INA did not file it with the court until after the trial judge wrote his letter opinion. Although the letter opinion was apparently written before the deposition was filed, judgment was not entered until *after* it was filed and *after* plaintiff had objected to it. Because the court did not allow the objection,

---

[2] Defendant Maki Insurance, Inc., INA's agent, is not a party to this appeal.

we assume that it considered the exhibit before it entered the judgment.

■        In determining what the legislature meant by the word "copy," we look to the statutes themselves, along with any relevant legislative history. *See City of Portland v. Rice,* 94 Or App 292, 296, 765 P2d 228 (1988), *aff'd* 308 Or 118, 775 P2d 1371 (1989). There are two interrelated rationales for the statutory rule that an insurer cannot deny a claim based on the insured's misrepresentation if the misrepresentation is not contained in a written application and if a "copy" of the application was not attached to the issued policy. The requirement that a misrepresentation be in *writing* prevents problems of proof that could arise if an insurer were permitted to deny a claim on the basis of an alleged oral misrepresentation. The requirement that a "copy" of the application be *attached* to the issued policy insures that the policyholder is provided with everything that the insurer relies on in issuing the policy, *i.e.,* the entire agreement of the parties. *See former* ORS 743.042(1); *former* ORS 743.045(1); ORS 743.177; Tape Recording 199, House Committee on Consumer and Business Affairs, May 30, 1985, Side 1; Tape Recording 200, House Committee on Consumer and Business Affairs, May 30, 1985, Side 1; Exhibit D, House Committee on Consumer and Business Affairs, May 30, 1985; Tape Recording 132, Senate Committee on Business, Housing and Finance, June 12, 1985, Side 1.

■        We hold that, under the facts of this case, the typewritten attachment to the policy was a "copy" of the original application. Vivian signed all three parts of the handwritten application. The statutes do not require that the "copy" be signed. The typewritten application did not vary materially from the original, and Vivian signed Part II of the typewritten version, thereby affirming all three parts. Our holding is consistent with the purpose of the statutes. The misrepresentation is contained in a written, signed application. A "copy" of that misrepresentation was attached to the issued policy, and Vivian was provided with the entire contract. The court erred in granting plaintiff's motion for summary judgment.

We turn to plaintiff's "motion to limit admissibility." In allowing the motion, the court ordered that "plaintiff's summary judgment exhibits are admitted for the sole purpose

of showing that the typed application attached to the insurance policy is not a copy of the original application." Because we have held that the court erroneously concluded that a "copy" of the application was not attached to the policy, we hold that the court erred in granting plaintiff's "motion to limit admissibility."

■ Finally, we address the court's denial of INA's motion for summary judgment. As INA correctly points out, under *former* ORS 743.042 an insurer may deny a claim because of a misrepresentation by the insured if (1) the misrepresentation is contained in a written application, a copy of which was attached to the issued policy, (2) the misrepresentation was material to the acceptance of the risk or hazard assumed by the insurer, and (3) the insurer relied on the misrepresentation. As previously discussed, the first requirement was satisfied in this case. Regarding the second and third, the evidence is uncontroverted that INA would not have issued a non-smoker's life insurance policy had it known that Vivian smoked. We hold as a matter of law that her representation that she was a non-smoker was material to INA's acceptance of the assumed risk or hazard and was relied on by INA.[3] *See Knight v. Continental Casualty,* 259 Or 46, 49-52, 485 P2d 403 (1971). INA was entitled to prevail and, accordingly, we instruct the court to enter judgment in its favor.[4] *See Thorne v. Gay,* 92 Or App 251, 254, 758 P2d 380 (1988); *Cochran v. Connell,* 53 Or App 933, 939-40, 632 P2d 1385, *rev den* 292 Or 109 (1981).

Reversed and remanded with instructions to vacate judgment for respondent and enter judgment for appellant.

---

[3] INA asked plaintiff to admit:

"If INA had known that * * * O'Brien currently smoked cigarettes at the time of application, the policy would not have been issued as applied for.

"* * * * *

"If INA had known that * * * O'Brien had smoked cigarettes during the 12 months preceding her application for insurance, the policy would not have been issued as applied for."

Plaintiff responded to both statements:

"Admitted except that plaintiff denies that defendant would not have issued another policy including a standard smokers [*sic*] policy."

[4] Because we vacate the judgment, which awarded plaintiff attorney fees, we do not address INA's assignment regarding the award.