NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN TRIPODI,

Plaintiff-Appellant,

v.

DAVID FERO; UNITED STATES OF
AMERICA,

Defendants-Appellees.

No.   22-16680

D.C. No. 3:20-cv-08322-CDB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Camille D. Bibles, Magistrate Judge, Presiding

Submitted March 20, 2024[**]
San Francisco, California

Before:  FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Plaintiff-Appellant Stephen Tripodi appeals the district court's order

granting the United States summary judgment in his medical malpractice case

against the Department of Veterans Affairs ("VA").  We have jurisdiction under 28

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291 based on the district court's entry of final judgment. We affirm.

1. This case concerns mental health treatment that Tripodi received at the Northern Arizona VA Health Care System (the "Prescott VA"). In 2020, Tripodi sued David Fero—a psychologist who had examined him during a VA benefits application—in Arizona state court for breach of fiduciary duty, fraud, and intentional infliction of emotional distress. The United States removed to federal court and substituted itself as the proper defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq*.

Following motions practice and the filing of amended complaints, the district court narrowed Tripodi's claims to medical malpractice against three providers at the Prescott VA: Joan Malone, a Nurse Practitioner ("NP") board-certified in psychiatric nursing; (2) Victoria Wood, a board-certified Physician's Assistant ("PA") specializing in psychiatric care; and (3) Arvind Yekanath, a medical doctor board-certified in psychiatry.

2. The FTCA "allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 141 S. Ct. 740, 745 (2021); *see also* 28 U.S.C. §§ 1346(b)(1), 2674. "[S]ubstantive law of the place where the act or omission complained of occurred" governs FTCA claims. *Yako v. United States*, 891 F.2d 738, 745 (9th Cir. 1989); *see also* 28 U.S.C. § 1346(b)(1). Because the acts or omissions concerning Tripodi's mental health treatment

2

occurred in Arizona, substantive Arizona law governs.

Arizona statute governs medical malpractice claims in the state. Ariz. Rev. Stat. §§ 12-561–573. The elements of a medical malpractice suit in Arizona are that (1) the "health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances"; and (2) "[s]uch failure was a proximate cause of the injury." Ariz. Rev. Stat. § 12-563. Unless malpractice is grossly apparent, a plaintiff must prove breach of the standard of care through expert testimony. *Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 163 (2017).

3.      The district court rightly held that, based on the mental health treatment Tripodi received at Prescott VA for bipolar disorder, he could not establish the essential elements of a medical malpractice action without expert testimony. Tripodi thus had to proffer expert testimony to establish the essential elements of his medical malpractice case. Because Arizona law governs an expert witness's competency regarding a claim or defense in a state law claim, any expert testimony that Tripodi offered had to be provided by witnesses competent under Arizona law. *See* Fed. R. Evid. 601; *Liebsack v. United States*, 731 F.3d 850, 856 (9th Cir. 2013) (applying state law on the competency of expert witnesses in FTCA actions); *Higgenbottom v. Noreen*, 586 F.2d 719, 722 (9th Cir. 1978) ("The

competence of witnesses is for the court to decide in accordance with state law if state law 'supplies the rule of decision.'").

Tripodi failed to disclose qualified expert witnesses to opine that the medical services NP Malone, PA Wood, and Dr. Yekanath provided fell below the standard of care. In response to Defendant's motion for summary judgment, Tripodi designated Dr. Craig Bash, Dr. "Cecilia Carpio," Dr. Marvin Firestone, and Registered Nurse Carolyn O'Lenic as expert witnesses. No individual was disclosed or provided an expert report in accordance with Federal Rule 26(a)(2) of Civil Procedure. Moreover, Tripodi did not explain how any of the individuals is qualified as an expert on the appropriate standard of care for a psychiatric nurse practitioner, physician's assistant, or psychiatrist. *See* Ariz. Rev. Stat. § 12-2604 (requiring an expert witness to specialize in the same area and have been in "active clinical practice" or the "instruction of students" in the "same health profession as the defendant").

While Dr. Cecilia Carpio-Lacoursiere was a psychiatrist who saw Tripodi four times at the Prescott VA in 2017, her qualifications might have allowed her to opine on the standard of care and any breach thereof only by Dr. Yekanath—not NP Malone or PA Wood. *See* Ariz. Rev. Stat. § 12-2604. Her testimony, however, would have had to be based on review of Tripodi's medical records because she treated Tripodi three years prior to Dr. Yekanath treating him. *See*

4

*Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 825 (9th Cir. 2011) ("[A] treating physician is only exempt from Rule 26(A)(2)(B)'s written report requirement to the extent that [her] opinions were formed during the course of treatment."). Tripodi was thus still required to disclose her as an expert and provide an expert report under Rule 26(a)(2)(B), both of which he failed to do.

4.  The district court did not abuse its discretion in its determinations on expert qualifications at the summary judgment stage. *See ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003). Tripodi therefore failed to proffer sufficient evidence to establish a genuine issue of material fact with respect to the essential elements of the standard of care he received and its alleged breach. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The district court properly granted summary judgment for the United States.[1]

**AFFIRMED.**

---

[1] To the extent Tripodi appeals the VA's decision to deny him disability benefits, the district court correctly dismissed those claims over which the Board of Veterans' Appeals and the United States Court of Appeals for Veterans Claims hold exclusive jurisdiction. *See* 38 U.S.C. § 511; *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1021 (9th Cir. 2012) (en banc).